J. HAWKINS v. W. A. DAVIS and W. J. HARDEMAN.

FRAUD. *Sale of personal property. Vendor cannot recover from third person when he has been defrauded by his vendee.* While property remains in possession of a fraudulent vendee, the sale may be avoided by the vendor, but if the fraudulent vendee sell and transfer the same to an innocent third person, for valuable consideration, such sale will vest the purchaser under it with the title which the claim of the original vendor cannot defeat.

Cases cited: Arendale v. Morgan & Co., 5 Sneed, 703; Gage *et al. v.* Epperson, 2 Head, 669; Memphis City R.R. Co. v. Mayor and Aldermen, 4 Col., 413.

FROM GILES.

Appeal from the Circuit Court. W. P. MARTIN, Judge.

A. J. ABERNATHY for plaintiff.

C. P. JONES for defendant.

The plaintiff sued · defendants in the Circuit Court of Giles county to recover the contract price, or the value of 6,623 pounds of cotton. He alleges that he sold the cotton to one Pilant, who represented . himself to be and was in fact their agent in the purchase.

Defendants deny the agency of Pilant, or any knowledge of any purchase by him of plaintiff. There is some evidence tending to show that the defendants bought some cotton of Pilant.

The plaintiff insists that the charge of the court upon the question thus raised by the evidence was erroneous. The court charged the jury that if the plaintiff sold the cotton to Pilant, believing him to be the agent of defendants, and intended at the time of the sale to part with his title to said Pilant as such agent, and delivered the possession to him, and Pilant was not in fact the agent of defendants, and defendants were ignorant of these representations, and without intention to defraud, purchased the cotton from Pilant and paid him for it, they would get a good title, and plaintiff could not recover.

We are of . opinion that this charge is sustained by the authorities. The cases cited to sustain the adverse view are, in part, at least, cases in which the sales were made by persons having the mere possession, without apparent title, which is not sufficient to defeat the right of the real owner. But when the original vendor parts with his possession and title to the property, although he may have been induced to do so by the fraudulent representations of his vendee,

it is a contract of sale, however, fraudulent the devices used to procure it. Benj. on Sales, 367–8.

While the property remains in the possession of the fraudulent vendee, the sale may be avoided at the election of the vendor, but if the fraudulent vendee sell and transfer the property to an innocent third person for a valuable consideration, such sale will vest the purchaser with the title which the claim of the original vendor cannot defeat. 5 Sneed, 703; 2 Head, 669; 4 Col., 413.

There is no error in the record, and the judgment will be affirmed.