LORINDA H. FULTON, executrix, *vs.* HELEN I. UMBEHEND.

Middlesex.   December 11, 1902. — January 8, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Will.   Burden of Proof.*

In this case, where the judge had fully and clearly instructed the jury that the burden of proof was upon the executor offering a will for probate to show by a fair preponderance of evidence that the testator was of sound mind and capable of making a will, it was *held*, that there was nothing in another part of his charge, relating to the effect of delusions upon testamentary capacity, which contradicted or qualified the above correct instruction.

APPEAL from a decree of the Probate Court for the County of Middlesex allowing the will of John A. Fulton.

On appeal to this court, issues were sent to be tried in the Superior Court. The issues came on to be tried before *Hardy*, J., who submitted the case to the jury upon the issue of soundness of mind alone, verdicts in favor of the executrix being directed by agreement upon the other issues. In his charge to the jury the judge gave the following instruction in regard to the burden of proof: " Now, in dealing with this, you have had explained to you in other cases what is the burden of

proof . . . that is, parties who bring forward certain proposi-
tions for your consideration, an affirmative proposition, are bound
to sustain that proposition by a fair preponderance of the evi-
dence. It is essential that this executrix, in order to sustain
the will, show you by a fair preponderance of the evidence that
this man was of sound mind; that he was capable of making
the will. Now in assisting her in sustaining that burden there
is a presumption at law which exists that every man is supposed
to be sane until the contrary is proven. Every man is supposed
to be of sound mind until the contrary is proved. Now, in this
presumption, that does not necessarily sustain the burden of
proof, but you have to consider that as aiding the executrix in
sustaining that burden as evidence tending to show that this
man was sane ; but at the same time upon all the evidence in
the case the executrix must satisfy you by a fair preponderance
of the evidence that he was of sound mind and capable of mak-
ing this will."

In the portion of the judge's charge relating to delusions was
the following : " In order to satisfy you that this man was in-
capable of making a will you must be satisfied that this [the
delusions] referred to the particular act in which he was engaged,
and that from weakness of memory he was incapable, and that
the particular weakness in question rendered him incapable of
making the will in question."

The jury found for the executrix ; and the appellant alleged
exceptions.

*E. R. Champlin*, for the appellant, submitted a brief.

*J. T. Hughes*, for the executrix.

HAMMOND, J.   The only issue submitted to the jury was
whether at the time of the execution of the will the testator
was of sound and disposing mind and memory. The bill of
exceptions as amended shows that the presiding judge in his
charge fully and clearly instructed the jury that the burden of
proof was upon the petitioner to show by a fair preponderance
of the evidence that the testator was of sound mind and capable
of making the will.

The appellant objects to certain sentences in a subsequent
portion of the charge, as being contrary to the prior instruction
as to the burden of proof and therefore erroneous. But there is

nothing in this contention. In the part of the charge to which the appellant thus objects, the presiding judge was not discussing the burden of proof, but simply the effect of delusions on the testamentary capacity of a person. We do not see anything in that part of the charge which contradicts or in any way qualifies the previous instructions given as to the burden of proof. The instructions were full, clear and correct, and we see no ground for the contention that the jury were likely to be misled by them.

*Exceptions overruled.*