IN RE ESTATE OF THOMAS POWERS.
JOHN POWERS ET AL., APPELLANTS, V. HANS PETERS ET AL.,
APPELLEES.

FILED JULY 12, 1907.  No. 14,923.

1. **Wills: APPEAL.** In case of contest over the probate of a will, the
   filing of an appeal bond within thirty days after judgment in
   the county court, and of a transcript of the proceedings had in
   that court in the office of the clerk of the district court within
   ten days thereafter, is sufficient to vest the district court with
   jurisdiction under the provisions of chapter 20 of the Compiled
   Statutes.

2. ———: ———: **EVIDENCE.** A judgment admitting a will to pro-
   bate will not be set aside on appeal because of conflicting evi-
   dence on the question of whether or not the testator expressly
   directed the draughtsman to sign his name to the will.

3. **Witnesses: COMPETENCY.** A beneficiary under the provisions of a will
   is not an incompetent witness to testify to a conversation be-
   tween the testator and a third person, in which the witness took
   no part.

4. **Wills: EVIDENCE.** The testimony of subscribing witnesses to a will,
   tending to show that the testator was capable of transacting
   ordinary business, is sufficient to make a *prima facie* case of
   testamentary capacity.

APPEAL from the district court for Sarpy county:
GEORGE A. DAY, JUDGE. *Affirmed.*

*E. S. Nickerson* and *Hall & Stout,* for appellants.

*W. R. Patrick* and *B. S. Baker, contra.*

JACKSON, C.

This is an appeal from a judgment of the district court
for Sarpy county admitting to probate the will of Thomas
Powers, deceased.

The first assignment of error relates to the jurisdiction
of the district court, and is disposed of in appellant's brief
by the statement that no appeal had been taken to the
district court from the county court (where the judgment

was favorable to the contestant) by any person entitled to appear, and in the manner provided by law. Counsel have failed to call our attention to any matter which would render the jurisdiction of the district court faulty. Judgment was entered in the county court on the 22d day of August, 1905. The proponent filed and procured to be approved an appeal bond on September 13, 1905. A transcript of the proceedings had in the county court was filed in the district court on September 22 of that year. The provisions relative to appeal in probate matters are to be found in sections 42-47, art. I, ch. 20, Comp. St. 1905. In substance they are that appeals shall be allowed from any final order, judgment or decree of the county court to the district court by any person against whom such order, judgment or decree may be made, or who may be affected thereby. The party appealing is required to give bond in such sum as the court shall direct, conditioned that the appellant will prosecute such appeal to effect without unnecessary delay, and pay all debts, damages and costs that may be adjudged against him. The bond shall be filed within 30 days from the rendition of such decision, and the transcript of the proceedings in the county court is required to be transmitted to the clerk of the district court within ten days after the perfection of the appeal. Upon the filing of such transcript in the district court, that court is possessed of the action, and shall proceed to hear and determine the same as upon appeals in civil actions. So far as we are able to determine without the aid of suggestion of counsel, the appeal conforms in all respects with the requirements of the statute and the district court was not without jurisdiction.

It is next urged that the will was not executed according to the provisions of the statute. In this state wills, other than nuncupative wills, are ineffectual to pass an estate unless in writing, signed by the testator, or by some person in his presence, and by his express direction, and attested and subscribed in the presence of the testator by two or more competent witnesses. The evidence discloses

that the testator was unable to write and could not sign his own name, and it is the claim of the contestant that the name of the testator was not signed to the instrument by his express direction. D. J. Ryan, the proponent, was a witness in his own behalf. There is no dispute about the fact that the will was written by one Burbank at the dictation of the testator. Ryan's testimony is to the effect that after the will had been written out Burbank said to the testator: "The will is now finished, Tom, and I want your signature to it. You may sign it." Mr. Powers said: "I cannot sign my name. You sign for me." It further appears from the evidence of Ryan and other witnesses that Burbank signed the name of the testator to the will, and that with the hand of the testator resting upon the pen a cross was made representing his mark; that the will was read over to the testator, and that he, in the presence of two attesting witnesses, declared that it was just what he wanted, and the witnesses thereupon subscribed their names to the instrument as such. Ryan was the principal beneficiary under the will, and it is said that he was an incompetent witness under the provisions of section 329 of the code. The testimony of the witness Ryan, however, relates to a conversation between the decedent and Burbank, in which the witness took no part, and construing the provisions of section 329, *supra*, in *Kroh v. Heins*, 48 Neb. 691, it is said that one having a direct legal interest in the event of a suit was not disqualified to testify to a conversation between the deceased person and a third party. Under the rule there announced the proponent was a competent witness to the extent that he was examined in support of the will. There is some conflict in the evidence as to whether or not the testator in fact requested Burbank to sign his name, but the testimony of the witness Ryan is corroborated by the fact, testified to by all the witnesses, that the testator placed his hand on the pen while his mark was being affixed to the signature, and the question was for the jury, whose finding under the record should not be disturbed.

The third assignment of error relates to the complaint that there was no competent testimony to go to the jury on the testamentary capacity of the testator. This necessarily involves the question of the burden of proof where the probate of a will is contested on the ground of lack of testamentary capacity. The general rule is that all persons are presumed to be sane and to possess sufficient mental capacity to execute all documents in the various transactions of human affairs. The business of the world is carried on upon that presumption. It prevails in all cases of conveyances executed in conformity with statutory requirements, and there seems to be no good reason for departing from it where the contest involves the validity of a will. Lack of testamentary capacity is ordinarily an affirmative defense, and if relied upon should be, as it was in this case, pleaded by the contestant. This rule, however, seems to have been modified by the statute, and it was so held in *Seebrock v. Fedawa,* 30 Neb. 424, where it is said to be the duty of the proponent, in the first instance, to offer sufficient testimony of the capacity of the testator to make out a *prima facie* case. Before the will was received in evidence, the attesting witnesses were called and examined on behalf of the proponent, and both testified that the testator was capable of transacting ordinary business. We are not prepared to say that, where a proponent proves the testator to have been capable of transacting ordinary business, he is required to go further in order to make a *prima facie* case of testamentary capacity. The testimony in support of the contestant's case was, in our judgment, entirely insufficient to overcome the presumption arising out of the *prima facie* case made by the proponent.

Some objections are urged against the instructions, mostly in the nature of a general complaint that they were erroneous and prejudicial. We have carefully examined the instructions, and think that they were fully as favorable to the contestant as the circumstances would justify.

We find no prejudicial error, and recommend that the judgment be affirmed.

AMES and CALKINS, CC.; concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.