## ROBERT CLIFFORD *vs.* LUCY H. TAYLOR.

Plymouth. November 30, 1909. — January 8, 1910.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Evidence,* Opinion, As to soundness of mind, Presumptions and burden of proof.    *Will,* Proof of.

Upon the issue whether an alleged testatrix was of sound mind, it is not com-' petent for the contestant of the will to show that an attorney at law, whom the alleged testatrix wished to employ to draw a will for her, told her to go to see a certain physician and, if the physician thought that she was fit to make a will, to come back and he would make it, this testimony showing the opinion of a person not an expert that the alleged testatrix did not seem to him to be of such mental capacity that it was proper for her to make a will, and being in substance a declaration of the attorney to that effect, neither his opinion nor his declaration being competent to show the woman's mental condition.

Upon the issue whether an alleged testatrix was of sound mind, it is competent for the contestant of the will to show that a conservator of the property of the alleged testatrix had been appointed, because the existence of the facts required by statute to be proved before a conservator can be appointed is some evidence of weakened faculties affecting her ability to manage and dispose of property, which it is proper to consider in determining the question of her soundness of mind.

Upon the issue whether an alleged testator was of sound mind at the time of the execution of his will, the executor has the burden of proof, but the presumption of sanity is enough to sustain that burden until evidence is introduced which tends to control it. On the introduction of such evidence, the case is to be determined upon the whole evidence including the presumption of sanity, and, if the preponderance of the evidence is in favor of sanity, the burden of proof is sustained and the finding must be for the executor. If upon the whole evidence including the presumption of sanity the scales are in even balance, the finding must be for the contestant of the will on the ground that the executor has failed to sustain the burden of proof.

PETITION, filed on April 13, 1908, in the Probate Court for the county of Plymouth for the allowance of the will of Lucy Jane French, late of Brockton.

In the Probate Court *Chamberlain,* J., made a decree allowing the will, from which Lucy H. Taylor, one of the heirs at law of Lucy Jane French, appealed. The judge of the Probate Court certified that the matters relied upon by the appellant appeared to be a proper subject for a judicial inquiry before a jury.

In the Supreme Judicial Court *Hammond*, J., allowed the following issues, and ordered that they be sent to the Superior Court for trial:

" 1. Was the testatrix, Lucy J. French, at the time of the execution of the will, of sound and disposing mind and memory?

" 2. Was the execution of said will procured by or through the undue influence of Mrs. Robert Clifford?"

In the Superior Court the issues were tried before *Harris*, J. The jury answered the first issue in the negative; and the petitioner, who was named as executor in the will, alleged exceptions.

The first exception, which was to the admission of evidence in regard to the action of an attorney at law when asked by the alleged testatrix to make a will for her, is described in the opinion.

The second exception was as follows: The petitioner asked the judge to charge the jury that the fact that there was a conservator was no evidence of mental incapacity to make this will. The judge refused to make this ruling, and in place thereof instructed the jury as follows: " I do not think it raises any presumption. I simply say it presents a piece of evidence which the jury have a right to take into account as bearing upon the question of the probable state of the testatrix's mind from that time on." The petitioner excepted.

The third exception was to the refusal of the judge to give to the jury in the language of the request an instruction in regard to the burden of proof, which is quoted in the opinion.

*W. G. Rowe*, (*W. H. Osborne* with him,) for the petitioner.

*W. Goddard*, for the respondent.

KNOWLTON, C. J.    The exceptions in this case were taken during the trial of issues before a jury in the Superior Court, upon a petition for the probate of a will. The verdict was against the executor upon the question whether the testatrix was of sound mind, and the issue in regard to undue influence was not answered.

The appellant from the decree of the Probate Court was permitted to prove, by a member of the bar, that at one time he was employed in the office of Mr. Bixby, another attorney, and that the testatrix came to the office " to have Mr. Bixby draw a

will, and that Mr. Bixby told her to go up and see Dr. Borden, a Brockton physician, and that if Dr. Borden thought she was fit to make a will, come back, and he, Bixby, would make it." The question of privileged communications between attorney and client was waived by the heirs and the executor of the testatrix. This testimony was admitted, subject to the executor's exceptions. It seems to us incompetent. It brought before the jury the fact that an attorney whom she wished to employ doubted her competency to make a will, and that his doubt of her mental capacity was so great that he virtually refused to make a will for her, unless she would bring him the opinion of a physician, whom he mentioned, that she was of sound mind. This testimony showed the opinion of a person whose opinion was not competent evidence, that she did not seem to him of such mental capacity that it was proper for him to make her will. It was, in substance, a declaration of the attorney to that effect. Neither his opinion nor his declaration of it was competent to show her mental condition. *Sewall* v. *Robbins*, 139 Mass. 164, 168. *Baxter* v. *Abbott*, 7 Gray, 71, 82. Such an opinion, so declared, would be likely to have a great influence upon a jury, prejudicial to the executor.

Often a statement made by one person to another, which is not competent in itself, is made competent by way of introduction, to give effect to language or conduct of the person to whom it is addressed. The important evidence in such a case is, what was said or done by the person to whom the statement was addressed, and the statement itself is made a necessary part of the evidence, to render the subsequent conduct intelligible. In this case there was nothing of this kind. We have the bare remark of Mr. Bixby, without anything to show what the testatrix said or did, or how she received it. This testimony should have been excluded and the exception must be sustained.

The request in regard to the appointment of a conservator was refused rightly, and the instruction given was correct. The judicial determination of the facts that must be proved, under the statute,* before a conservator can be appointed, and the *status* of the person whose property is held by a conservator, are some evidence of weakened faculties, affecting his ability

---

* R. L. c. 145, § 40.

properly to manage and dispose of property. It does not create a presumption of incapacity to make a will, but it is a fact proper for the consideration of a jury in determining the question of soundness of mind. R. L. c. 145, § 40.

The petitioner requested the judge to instruct the jury as follows: " Although the executor has the burden of proof upon him to satisfy the jury that the testatrix was of sound and disposing mind and memory at the time of the execution of the will, there is a presumption of sanity, and that presumption stands until it is rebutted." Using the word " rebutted " in the sense of " met by evidence to the contrary," the proposition is correct. *Richardson* v. *Bly*, 181 Mass. 97, 99. Looking at the instruction on this subject in different parts of the charge, it is not clear what the jury would understand as the law of the case. Some of the judge's language seems to be substantially in accordance with this proposition. Other language seems to imply that, the moment an issue is presented by a denial of sanity, the presumption becomes of no effect, and the case is to be tried upon the evidence introduced by the parties, as if there were no presumption. The true rule is that the presumption is enough to sustain the burden of proof, until evidence is introduced which tends to control it. On the introduction of such evidence, the case is to be determined upon the whole evidence, including the presumption of sanity, and if the preponderance of the evidence is in favor of sanity, the burden of proof is sustained and the jury will find for the executor. If, upon the whole evidence, including this presumption, the scales are in even balance, the finding will be for the contestant, on the ground that the executor has failed to sustain the burden of proof. *Fulton* v. *Umbehend*, 182 Mass. 487. *Cohasset* v. *Moors*, *ante*, 173.

<em>Exceptions sustained.</em>