# IN THE MATTER OF THE ESTATE OF KAAHANUI LOPEZ, DECEASED.

## No. 1209.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.
HON. C. W. ASHFORD, JUDGE.

ARGUED OCTOBER 14, 1919.                    DECIDED OCTOBER 29, 1919.

KEMP AND EDINGS, JJ., AND CIRCUIT JUDGE BANKS IN PLACE OF COKE, C. J., ABSENT. .

WILLS—*testamentary capacity—presumption of law—burden of proof.*

The presumption of law is in favor of testamentary capacity and he who insists on the contrary has the burden of proof, except where insanity in the testator has been shown to exist at a time prior to the execution of the will in which event the proponent must show that it was executed at a lucid interval.

OPINION OF THE COURT BY KEMP, J.

This case was originally a petition for admission to probate of a certain document alleged by the proponent to be the last will and testament of Kaahanui Lopez, deceased. The admission of this document to probate was contested by various heirs at law of the testatrix and persons who would benefit under prior wills made by the testatrix.

The contestants allege in substance that at the time of the execution of the said document, if it ever was executed, the said Kaahanui Lopez was not of sound and disposing mind or capable of executing the alleged will; that said alleged will was never signed by said Kaahanui Lopez, deceased; that said will was executed, if at all, under the undue influence, importunities, suggestions and persuasions of one Kealawaa Johnson, deceased, Antone Peter Johnson, Sarah Johnson and Maria Johnson,

or some other person or persons, and is not the voluntary act of the said Kaahanui Lopez; that said will was executed, if at all, under the compulsion of threats and duress inflicted upon the said Kaahanui Lopez by the said Kealawaa Johnson or other person or persons who held her, the said Kaahanui Lopez, in confinement and restrained her of her liberty and compelled her to execute the said will; that the said will was procured by the fraud, misrepresentation and artifice of the said Kealawaa Johnson, or other person or persons.

After a trial before the circuit judge, sitting as a judge in probate, a decree was signed refusing to admit the will to probate. Upon the filing of that decree the proponent appealed to a jury, and following the requirements of our statute applicable in such cases four issues were framed by the trial judge for presentation to the jury upon appeal as follows: (1) Was the mind of the testatrix Kaahanui Lopez sufficiently sound at the time she is alleged to have executed the will herein offered for probate to enable her to understand the nature and effect of the alleged will; (2) did the testatrix personally sign the alleged will or expressly direct any one else to sign it for her in her presence; (3) did the testatrix understand fully and clearly the nature and effect of the alleged will at the time of its execution; (4) did the testatrix, whether by herself or by another, sign the alleged will in the presence of two witnesses who at that time at her request and in her presence and in the presence of each other subscribed their names thereto as witnesses. At the conclusion of the trial upon these issues the jury answered each of them in the negative and the case comes to this court upon exceptions by the proponent to rulings made at the trial as well as to the verdict.

The exceptions are too numerous and lengthy to per-

mit their incorporation in this opinion, but certain of the exceptions clearly present to this court for its determination, for the first time we believe, the question as to which party, the proponent or the contestant, has the burden of proof on the issue of testamentary capacity of the testator.

The decisions of other courts relating to this question fall into two main groups—those which maintain that the burden of proving testamentary capacity is on the proponent forming the one main group, and those which maintain that the burden of proving lack of testamentary capacity is upon the contestant forming the other group. It may be said that the courts of the various States have aligned themselves with the one group or the other according as the proponent of the will is regarded as defendant being attacked by a contestant or as plaintiff attacking the heirs. Those courts which hold to the view that the burden of proving the testamentary capacity of the testator is upon the proponent of the will have generally proceeded upon the theory that those persons who would take as heirs under the statute in the absence of a will have some peculiarly sacred rights which the courts should jealously guard lest the testator do some untoward act in respect to the disposition of his estate to their detriment. These courts also as a rule reject the proposition that testators like other persons are presumed to be sane until the contrary appears—and this upon the theory that wills are usually executed by persons *in extremis;* that a large proportion of them are made when the mind is to some extent enfeebled by sickness or old age. If one accepts these conclusions as sound it naturally follows that the proponent of the will should bear the burden of proving the sanity or testamentary capacity of the testator. This view of the law is well presented in *Crowninshield* v. *Crowninshield,* 2

Gray (Mass.) 524; *Delafield* v. *Parish,* 25 N. Y. 9, and *McMechen* v. *McMechen,* 17 W. Va. 683.

However, the more recent Massachusetts decisions do not adhere to the holding of *Crowninshield* v. *Crowninshield, supra,* that there is no presumption of sanity in the case of a testator, but do hold that the burden of proving sanity is on the proponent of the will notwithstanding such presumption and that the presumption of sanity will merely assist the proponent in sustaining this burden. *Fulton* v. *Umbehend,* 182 Mass. 487.

The first, and we might say the controlling, principle influencing the decisions of those courts which maintain that the burden of proving lack of sanity or testamentary capacity is upon the contestant is that 'the presumption of law is in favor of testamentary capacity and that he who insists on the contrary has the burden of proving it except where insanity in the testator has been shown to exist at a time previous to the execution of the will, especially if he has been adjudged insane, in which event the party offering the will is bound to prove that it was executed at a lucid interval.

We do not think that the trend of modern decisions favors the archaic idea that the heirs at law have a superior right in the estate of the testator or that wills are usually executed by persons *in extremis* or by persons whose minds have become impaired by sickness or old age. But even if this were true such facts are not now and never were in many jurisdictions regarded as necessarily showing a lack of testamentary capacity as is held in the early case of *Whitenack* v. *Stryker,* 2 N. J. Eq. 8.

There can be no question that at common law the legal presumption is that every man is of sound mind and the burden of proving that he is not rests upon the party asserting the existence of such an unnatural con-

dition of the mind of a person whose act or condition is questioned.

The presumption that every one is *compos mentis,* in the absence of proof to the contrary, must be held to prevail in this Territory unless it is manifest from statutory enactment that a different rule has been prescribed when the question of the exercise of testamentary capacity is involved. The contestants contend that our statute which provides that "Every person * * * of sound mind may dispose of his or her estate by will" (Sec. 3258 R. L. 1915) does away with the legal presumption of sanity in testators. Most of the courts rejecting the presumption of sanity have done so because of the peculiarity of their statutory provisions, as, for instance, in Minnesota where the statute in prescribing what proof shall be required when a will is offered for probate prescribes that at least one subscribing witness must testify to the execution of the will and the sanity of the testator and further provides that no will shall be effectual in the probate court nor in the district court upon appeal unless proved and allowed in the exact manner prescribed. *Layman's Will,* 40 Minn. 371.

Our statute contains no such provisions as those which influenced the Minnesota courts to hold that the common law presumption of sanity does not now prevail in that State. We do not think that our statute above quoted does more than declare what the law would have been had the statute been silent upon the subject of sanity. There being nothing in our statute which requires a different holding we think that in accordance with the better reasoning and the great weight of authority a testator, like other persons, must be presumed to have been sane at the time of the execution of his will until the contrary is shown except where it has been made to appear that prior to the time of the execution

of his will the testator was insane, in which event the proponent of the will must show that it was executed at a lucid interval. *McBride* v. *Sullivan,* 155 Ala. 166, 45 So. 902; *Barnwall* v. *Murrell,* 108 Ala. 366, 18 So. 831; *McDaniel* v. *Crosby,* 19 Ark. 533; *In re Dolbeer,* 149 Cal. 227; *Estate of Motz,* 136 Cal. 558; *In re Shapter,* 35 Colo. 578, 117 Am. St. Rep. 216; *Steele* v. *Helm,* 2 Marv. (Del.) 237, 43 Atl. 153; *Steinkuehler* v. *Wempner,* 169 Ind. 154; *Young* v. *Miller,* 145 Ind. 652; *Gates* v. *Cole,* 137 Ia. 613; *Hull* v. *Hull,* 117 Ia. 738; *Stephenson* v. *Stephenson,* 62 Ia. 163; *Woodford* v. *Buckner,* 111 Ky. 241; *Johnson* v. *Johnson,* 105 Md. 81; *Mullins* v. *Cottrell,* 41 Miss. 291; *Perkins* v. *Perkins,* 39 N. H. 163; *Lee's Will,* 46 N. J. Eq. 193, 18 Atl. 525; *In re Burns' Will,* 121 N. C. 336; *Grubbs* v. *McDonald,* 91 Pa. 236; *Hobby* v. *Bobs,* 12 Rich (S. C.) 248 note; *Bartu* v. *Thompson,* 67 Tenn. 506; *Leach* v. *Burr,* 188 U. S. 510.

Many of the courts on both sides of this question have held that the proper procedure is to require the proponent of the will in the first instance to make formal proof as to the execution of the will and the testamentary capacity of the testator, some holding that in the first instance the burden of proof is upon the proponent of the will to show its proper execution and the testamentary capacity of the testator but that when the proponent has made formal proof of these facts the burden of proof then shifts to the contestant who must establish the lack of sanity or testamentary capacity by a preponderance of the evidence. *Slaughter* v. *Heath,* 57 S. E. 69; *Wickes* v. *Walden,* 228 Ill. 56; *Craig* v. *Southard,* 162 Ill. 209; *Teckenbrook* v. *McLaughlin,* 209 Mo. 533; *McConnell* v. *Keir,* 76 Kans. 527; *In re Estate of Powers,* 79 Neb. 680; *Rathjens* v. *Merrill,* 38 Wash. 442. Others hold that from the first the burden of proof on the issue of testamentary capacity is on the contestant but that

this procedure is proper for the purpose of having the proponent make the necessary formal proof which he would be required to make in the absence of a contest before the will would be admitted to probate.

We have no objection to offer to this procedure, especially where the formal proof is required merely to have proof of due execution before the court as a basis for admitting the will to probate in the event of the failure of the contestant to establish any of his grounds of contest. This we think, however, is a matter that might well be left to the discretion of the trial judge who could then require the proponent to produce his formal proof either before the contestant opens his case or in connection with his proofs which would be offered to combat or rebut the case made by the contestant.

It is contended by the contestants that there has been no reversible error committed in this case for the reason that before either party had offered any evidence the proponent of the will asked for and procured from the trial judge an advance ruling upon the question of which party had the burden of proof upon the issue as framed and that in view of the conflict of authority on the question the court was at liberty to adopt either holding, and having held that the proponent had the burden of proving the sanity or testamentary capacity of the testator he now has no ground of complaint.

It is true that at the outset the court did hold that the proponent having the affirmative of all issues must prove them or lose the case. If this could be considered as a mere matter of procedure there might be some merit in the contention of the contestants, but it is manifest from an examination of the record that the court was not merely laying down a mode of procedure but was holding the burden of proof on all of these issues to be

upon proponent and the trial was conducted throughout upon that theory.

By his exception No. 1 the proponent has brought up for review this advance ruling of the trial judge. At the conclusion of the trial the court instructed the jury and proponent's exception No. 63 complains of the refusal to give his special instruction No. 4, which is as follows: "The court further instructs you that the law presumes, and it is your duty to presume, that every person who has arrived at the age of discretion is of sound mind and capable of disposing of his or her property by will or otherwise until the contrary is shown, and the court instructs you that it is your duty to hold that the said Kaahanui Lopez at the time she is alleged to have executed the will in question was of sound mind and to so hold until you believe by a preponderance of the evidence that she was otherwise." Said exception also complains of the court having given at the request of the contestants the following charge: "The burden is upon the proponent of the will of February 6, 1916, to prove the affirmative of each and every one of the issues of fact which are submitted to you for decision and he must prove such affirmative by a preponderance of the evidence. And if he fail to do so as to any of said issues then upon that issue your answer must be in the negative. If with reference to any one of the issues the evidence preponderates in favor of the contestants ·or is evenly balanced your answer to such issue must be in the negative. If upon any one of the issues the evidence is in such a state that you are unable to find with satisfaction to yourself what the answer should be then upon that issue your answer must be in the negative."

From this it will be seen that the question presented does not involve a mere matter of procedure. The instruction requested by the proponent and quoted above

correctly stated the law and should have been given. The instruction requested by the contestants and given incorrectly stated the law and should have been refused.

This conclusion makes it unnecessary to consider any of the other exceptions.

Exceptions Nos. 1 and 63 are sustained.

*C. F. Peterson* (*E. K. Aiu* with him on the brief) for proponent.

*A. Perry* and *L. Andrews* (*Perry & Matthewman, N. W. Aluli, Andrews & Pittman, H. L. Grace* and *E. J. Botts* on the brief) for contestants.