ADELE LUSIS *vs.* BRONIS KAMINSKI. November 5, 1952. Exceptions overruled. The jury answered in the affirmative an issue framed by the Probate Court, whether the instrument offered as the last will of Ralfolas Shalavejus was executed according to law. The contestant excepted to the exclusion of evidence relative to matters concerning the administration of the estate of Constance Matas, the daughter of Shalavejus, including the compromise in that estate of a claim in favor of one Lusis, the person named as executrix in the instant instrument. There was no error as such evidence was not material on the single issue then on trial. The ruling excluding evidence that Lusis filed a petition for the appointment of a conservator for Shalavejus was not prejudicial. It was admitted that a conservator was appointed in 1948, the year preceding his death when he was about ninety years of age. The judge was also right in refusing to instruct the jury that the fact that the decedent was under conservatorship at the time of making the will "is prima facie evidence of incapacity to make a will, but not conclusive." *Clifford* v. *Taylor*, 204 Mass. 358, 360–361.

*Anthony O. Shallna*, for the contestant.

*Robert A. Stanziani*, for the petitioner.

ALBERT M. ALVES *vs.* WILFRED BOULANGER. November 25, 1952. Order dismissing report affirmed. In this action of contract to recover for money alleged to have been lent to the defendant, the trial judge, on evidence which would have warranted a finding either way, found for the defendant. A report to the Appellate Division was dismissed, and the plaintiff appealed. The sole question of law now argued by the plaintiff arises out of the manner in which the judge dealt with the defendant's first request which reads, "There is no evidence upon which the court can base a finding for the plaintiff." Since the judge took no action on this request, it must be treated as having been denied. *Mitchell* v. *Silverstein*, 323 Mass. 239, 240–241. But this ruling instead of harming the plaintiff, as he seems to argue, was favorable to him, and, in view of the evidence, was the only one that could properly have been made; it was not inconsistent with the finding for the defendant. *Godfrey* v. *Caswell*, 321 Mass. 161, 162. The remainder of the plaintiff's argument requires no discussion as it amounts to no more than a contention that the judge ought to have found for the plaintiff.

*Joseph Ferreira*, for the plaintiff.

No argument nor brief for the defendant.