In the Matter of the Estate of MARGARET COLEMAN, also known as MARGARET K. COLEMAN, MARGARET KAHEAKULANI COLEMAN, and Mrs. MARGARET K. COLEMAN, Deceased

NO. 6408

AUGUST 8, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* This is an appeal by the proponent of an October 19, 1974 will from a judgment admitting an October 12, 1974 will to probate after a jury verdict finding the October 19, 1974 will invalid. The question is whether the trial court erred in giving and in refusing to give instructions concerning the testamentary capacity of the testatrix. We find no error.

Testatrix Margaret Coleman executed a will on October 12, 1974, in which she gave to all of her children equally. On October 19, 1974, she executed another will in which she gave the bulk of her estate to the appellant who was one of her five children.

Margaret Coleman died on December 19, 1974. On March 5, 1975, appellant petitioned that the will dated October 19, 1974 be admitted to probate as her Last Will and Testament. However, one of appellant's brothers and a sister filed a caveat challenging the validity of the October 19, 1974 will alleging (1) the testatrix's mental incompetency and (2) undue influence on the testatrix by appellant and his wife. After a hearing[1] on July 10, 1975, the probate court denied the request to admit the October 19, 1974 will to probate on the ground that it was the result of undue influence on testatrix by appellant and his wife. The probate court further found that the will of October 12, 1974 was the testatrix's Last Will and Testament and admitted it to probate.[2] Appellant then moved for a jury trial pursuant to the provision of HRS § 531-1.[3]

---

[1] HRS § 531-1 *No jury in first instance.* Matters of probate and of administration shall be heard and determined by the court having jurisdiction thereof, without the intervention of a jury.

[2] At the jury trial both parties agreed that the October 12, 1974 will was valid. The only issue presented to the jury concerned the validity of the October 19, 1974 will.

[3] HRS § 531-2 *Jury trial, when.* Whenever the value of the estate of any deceased person exceeds $3,000, any person claiming, before any circuit court sitting as a court of probate, the estate, or any part thereof, or any interest therein, by virtue of

At the trial, the form of the verdict submitted to the jury by the trial judge posed two questions regarding the October 19, 1974 will.

> 1. Was the alleged will of October 19, 1974, of Margaret Coleman properly executed at a time when she was of sound mind?
>
> 2. Was the alleged will of October 19, 1974, of Margaret Coleman executed at a time when she was under the undue influence of Anapuni Bryant Coleman or Mercedes Coleman?

The jury was instructed to circle either "Yes" or "No" to the first question and that if the answer was "No", it should inform the court that the jury had reached a verdict. The jury having answered "No" to the first question did not, therefore, answer the question relating to the undue influence by appellant or his wife.

I.  WHETHER THE TRIAL COURT ERRED IN GIVING APPELLANT'S INSTRUCTION NO. 23, AS MODIFIED BY THE COURT OVER APPELLANT'S OBJECTION.

Appellant's Requested Instruction No. 23 was as follows: To find that Margaret Coleman was not of sound mind and memory at the time she executed the will of October 19, 1974, the evidence must preponderate in favor of unsoundness of mind, and the presumption of sanity must prevail, if the evidence is only sufficient to raise a doubt as to her sanity.

The trial judge modified it by striking the last two lines ". . . and the presumption of sanity must prevail, if the evidence is only sufficient to raise a doubt as to her sanity".

Appellant claims it was error on the part of the trial judge to refuse to instruct the jury on the presumption of testa-

---

any will or testamentary devise, or by virtue of the statutes of descent of property in the State, who deems himself aggrieved by the decision of the court may, if any matter of fact is in issue, move that the issue of fact may be tried by a jury, and his motion shall not be denied. The motion shall be made not later than ten days after filing of the decision.

mentary capacity and in support of his position cites the *Estate of Lopez*, 25 Haw. 197 (1919). As pertinent here, the *Lopez* court held that the presumption of law is in favor of testamentary capacity and one who insists on the contrary has the burden of proof.

The effect of the *Lopez* presumption of testamentary capacity is to place the burden of proving lack of capacity on contestants. This burden was correctly placed on the contestants in this case in four instructions given to the jury, the relevant portions of which are as follows: (1) "Contestants have the burden of proving by a preponderance of the evidence that the testatrix was incompetent on October 19, 1974 and that the October 19, 1974 will was the product of undue influence . . ."; (2) "Unsoundness of mind must be proved by the contestants by a preponderance of the evidence"; (3) "To find that Margaret Coleman was not of sound mind and memory at the time she executed the will of October 19, 1974, the evidence must preponderate in favor of unsoundness of mind"; and (4) "The burden of proving the permanent and continuous type of unsoundness of mind is upon the contestants in this case." A trial judge does not exceed the limits of his discretion by refusing a requested instruction which is substantially covered by other instructions given. *Kometani v. Heath*, 50 Haw. 89, 431 P.2d 931 (1967). We hold that the trial court did not abuse its discretion by refusing to separately instruct the jury on the presumption of competence.

II.  WHETHER THE TRIAL COURT ERRED IN GIVING APPELLEES' INSTRUCTIONS 6-A AND 31.

Appellees' Instructions 6-A and 31 given by the court are, respectively, as follows:

6-A.  If you find that Margaret Coleman was shown by the evidence to be of unsound mind at the time when she was released from the hospital on September 20, 1974, and that the unsoundness of her mind was of the permanent and continuous type of unsoundness of mind so that she could not comprehend matters dealing with

disposition of her estate, and that condition of her unsound mind continued through October 19, 1974, so that she lacked the judgment necessary to make the decisions which the disposition of property in that Will required, then the burden of proof is cast upon the proponent to show that the instrument signed by Margaret Coleman on October 19, 1974, was made and executed during a lucid interval. The burden of proving the permanent and continuous type of unsoundness of mind, is upon the Contestants in this case.

31. A lucid interval is a sufficient restoration of the ability to reason in a person of unsound mind so as to enable her to comprehend and act with reason, memory and judgment to deal with the disposition of her estate.

The amount of proof necessary to a lucid interval should be of the same degree of proof as required to show unsoundness of mind.

Appellant contends the giving of Appellees' Instructions 6-A and 31 by the trial judge was error because there was no evidence brought out in trial that Margaret Coleman suffered from a permanent and continuous type unsoundness of mind or any evidence raising issue of a lucid interval. We disagree.

It is well-settled that to support the giving of an instruction, there must be sufficient evidence presented upon that issue of fact. *Goo v. Continental Casualty Co.*, 52 Haw. 235, 473 P.2d 563 (1970).

In this case, appellees called three medical expert witnesses to testify concerning the mental competency of Margaret Coleman, each of whom was a treating or consulting physician to her during the period between August 15 and October 25, 1974. They were Dr. Charman J. Akina, a specialist in internal medicine; Dr. Mark Kuge, also a specialist in internal medicine; and Dr. Robert Hinman, a neurologist. The substance of the medical testimony showed that Margaret Coleman, during her hospitalization at Queen's Medical Center between August 26 and September 20, 1974 and thereafter, was not of sound mind because she was suffering from an organic brain disease known as senile dementia. Both Dr. Hinman and Dr. Kuge testified that Margaret Coleman's

mental condition, as diagnosed at Queen's Medical Center in 1974, was a permanent condition although her condition might fluctuate so that sometimes she would be better than at other times. Both doctors expressed a view that her deteriorated mental condition was irreversible so that it could not be expected that she would ever return to a state of sound mind. Appellant offered no rebuttal evidence to the medical testimony concerning the organic brain disease of Margaret Coleman. If the jury found that Margaret Coleman had been afflicted with insanity as testified by the medical doctors in this case, the burden rested upon the appellant to produce evidence that the will was made during a lucid interval. *Estate of Lopez, supra;* Am. Jur.2d, *Wills,* § 109, p. 356.

Appellant also claims it was error for the trial court to give Appellees' Instruction No. 15. The record shows this instruction was given by agreement. A party will not be allowed on appeal to claim error in the giving of an instruction which was given by agreement. Rule 51, clauses (b) and (e), Hawaii Rules of Civil Procedure.

Affirmed.

*Ernest Y. Yamane (Charles H. Silva, Jr.,* on the brief), *Bicoy & Yamane* of counsel, for appellant Anapuni Bryant Coleman.

*Harriet Bouslog (Bouslog & Symonds* of counsel) for appellees Nat K. L. Coleman and First Hawaiian Bank.