ELLA LAKE JONES ET AL. V. ROBERT A. PIGGOTT, ADMINIS-
TRATOR OF THE ESTATE OF JABEZ J. PIGGOTT, DECEASED.

FILED MARCH 4, 1903. No. 12,666.

County Court: APPEAL. A district court does not acquire jurisdiction
of an appeal from an order in a probate proceeding unless within
forty days from the date of the order a transcript thereof and
of the proceedings relative to it is filed with the district court
clerk, nor unless within thirty days from the date of such order
the bond upon appeal, required by the statute, has been executed
and filed.

ERROR to the district court for Thayer county: GEORGE
W. STUBBS, DISTRICT JUDGE. *Judgment vacated and pro-
ceeding dismissed.*

*John Heasty, O. H. Scott, Charles L. Richards, Charles
S. Lobingier* and *James Dinsmore,* for plaintiffs in error.

*Charles H. Sloan, T. C. Marshall* and *C. A. Capron,*
contra.

AMES, C.

This is a petition in error to review a proceeding evi-
dently intended as an appeal from an order of a county
court settling the accounts of an administrator. In the
district court it was objected by the appellee the adminis-
trator that that court had not obtained and could not ac-
quire jurisdiction over the supposed appeal, and that it
had no jurisdiction of the subject matter, and the court was
asked to dismiss the proceeding. We think that, upon the
record before us, the motion should have been granted, or,
rather, that it was the duty of the court of its own motion
to refuse to retain the proceeding.

Section 42 of chapter 20 of the Compiled Statutes (An-
notated Statutes, 4823) enacts that "In all matters of
probate jurisdiction, appeals shall be allowed from any
final order, judgment, or decree of the county court to

Jones v. Piggott.

the district court by any person against whom any such order, judgment, or decree may be made or who may be affected thereby."

Section 43: "All appeals shall be taken within thirty days after the decision complained of is made."

Section 44 provides for giving a bond upon appeal in all cases in which the appellant is not an executor, administrator or guardian.

Section 45: "After such bond has been filed, the appeal shall be granted," etc.

Section 46: "When such appeal is taken, the county court shall, on payment of his fees therefor, transmit to the clerk of the district court within ten days after perfecting such appeal, a certified transcript of the record and proceedings relative to the matter appealed from."

Section 47: "Upon the filing of such transcript in the district court, that court shall be possessed of the action, and shall proceed to hear, try, and determine the same," etc.

It is quite evident from the foregoing that the district court does not obtain possession or jurisdiction of such an appeal unless within forty days from the date of the order appealed from a transcript thereof, and of the proceedings relative to it in the county court, is filed with the district court clerk, nor unless within thirty days from the date of the order the bond required has been executed and filed. We do not find in the record before us anything purporting to be such a transcript, nor any evidence when, or that ever, any such order was made or bond given. So far as appears, therefore, the proceeding in the district court was without jurisdiction, and it is recommended that the judgment of the district court be vacated and set aside, and the proceeding dismissed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing

opinion, it is ordered that the judgment of the district
court be vacated and set aside and the proceeding dis-
missed.

JUDGMENT VACATED.