JOHN R. DREXEL ET AL. V. ABRAHAM L. REED ET AL.

FILED JUNE 18, 1903. No. 11,755.

1. **County Court: APPEAL: REPEAL OF STATUTE.** Section 242, chapter 23, Compiled Statutes, 1901, is repealed, in effect, by sections 1 and 2, chapter 47, laws of 1881, entitled "An act providing for an appeal from the decisions of the county court in certain matters."

2. **Appeal: TRANSCRIPT.** Under section 5 of the last mentioned act, it is the duty of the county judge to transmit to the district court a transcript of his proceedings, within ten days after an appeal from an order in probate is perfected.

3. **Fees: WAIVER.** Under said section the county judge has a right to prepayment of fees, but this right may be waived, and will be, if he has established a regular mode of collecting his fees, which is complied with in the given case.

4. **Second Appeal.** Taking a second appeal in a case does not, of itself, constitute an abandonment of the first one.

5. **Appeal: JURISDICTION.** Where a party has, within due time, done all that is legally required to perfect an appeal, and no waiver of transmission of record by county judge is shown, the district court does not lose jurisdiction of the appeal, by reason of its being filed six days late.

ERROR to the district court for Douglas county: LEE S. ESTELLE and WILLARD W. SLABAUGH, DISTRICT JUDGES. *Former judgment of reversal adhered to.*

*Woolworth & McHugh,* for plaintiffs in error.

*Hall & McCulloch, W. D. Beckett, J. W. Woodrough* and *J. H. McCumber, contra.*

GLANVILLE, C.

This cause has once before been submitted to this court and decided in favor of the plaintiffs in error. *Drexel v. Reed,* 65 Neb. 231. A rehearing was granted, and the case

again has been briefed, argued and submitted, and we have made another careful examination of the record and are of the opinion that the former decision is correct, and should be adhered to, for the reasons stated therein.

The defendants in error urge that the evidence, *pro et contra,* on the question of the failure to have the transcript of the proceedings in the county court appealed from, filed in the district court within the time limited by statute, and the excuse or cause of such failure, was examined by the district court, and that upon such evidence a finding was made against the plaintiffs in error, and that we are not at liberty to disturb such finding, if supported by any competent evidence.    In reference to this, it should be noticed that the finding of the district court is made in the following language:

"The court being fully advised in the premises, doth find that the said appeal was taken later than the time fixed by the statute for the taking of appeals from final orders of the probate court."

This is simply a finding that the appeal was *taken* later than the time fixed by statute.    The taking of an appeal in this connection has a definite meaning, given to it by the wording of the statute itself, and does not include the filing of the transcript.

Section 43 of the act governing such appeals (chapter 20, Compiled Statutes; Annotated Statutes, 4824) provides: "All appeals shall be *taken* within thirty days after the decision complained of is made."    Section 46 provides: "When such appeal is *taken,* the county court shall, on payment of his fees therefor, transmit to the clerk of the district court, within ten days *after perfecting such appeal,* a certified transcript of the record and proceedings relative to the matter appealed from."

The defendants in error strenuously contend, in their brief and argument, that the appeal taken by the plaintiffs in error by filing their bond on the 3d day of October, was ineffectual, because of the insufficiency of the bond; also that it was rendered nugatory, by afterwards secur-

ing another order, allowing them to appeal, and giving a new bond; and also that this subsequent action worked an abandonment of the first appeal. One of the grounds stated in their motion for a rehearing herein is:

"The court was in error in holding that the institution of substituted appeal proceedings in the county court did not operate as a withdrawal and abandonment of the original appeal proceedings for which the later ones were substituted.".

They still argue that the second bond was filed too late and, therefore, that the appeal is too late.

This was. undoubtedly their contention in the district court, and the finding of the district court that the appeal was not taken in time, is a finding upon this contention. In that we think the trial court was clearly wrong. There was no conflict of evidence upon this question and it is simply a question of law applied to the facts disclosed by the record.

The bond was given and approved by the county court, and is sufficient to sustain the appeal, or if insufficient, can be amended, and the appeal therefore was *taken* within the required time.

This leaves us free to examine the evidence on the other branch of the case, all of which is before the court in the same form in which it was presented to the district court, and we may make our finding upon this evidence, according to its weight as presented to us.

The trial court having expressed no finding upon this issue, under the evidence presented to it, we are justified in presuming that its finding upon the evidence was in accordance with its clear preponderance, which we think is in favor of the contention of the plaintiff in error.

It is made clear by the evidence in the bill of exceptions, that the delay in perfecting the transcript, and the transmission thereof to the district court, was not caused by the failure of the plaintiffs. in error to pay the cost therefor. All other duties required of the plaintiffs in error to secure a successful appeal had been performed. The delay

then was not caused by the failure of appellants to do anything required of them to cause the district court to be possessed of the action.

Appeals are favored by the courts, rather than otherwise. The jurisdiction of the county court in ordinary civil actions is limited to $1,000; while in such matters as this, issues involving fortunes may be tried before them. While vexatious appeals should be discouraged, and perhaps punished, yet the opportunity for litigants to have their issues tried in the higher courts should not be hindered by rules other than those necessary to secure the orderly administration of justice. In cases of appeal in probate matters, the legislature has not seen fit to establish, by positive enactment, any rule forfeiting the right of an appellant to be heard on his appeal, if the transcript is not filed within a fixed time, as has been done in regard to appeals from justices' court and the county court in its ordinary jurisdiction; moreover, while the law of appeal in probate matters, contained in chapter 23, provided, by sections 240 and 241, for such forfeiture, yet the act of 1881, held to have repealed the old law, contains no such provision, and, as though the legislature had in mind the rule favoring appeals in such matters as this, the county court is charged with the duty of transmitting the record necessary to give the district court jurisdiction, and section 47, chapter 20, Compiled Statutes of 1901, provides:

"Upon the filing of such transcript in the district court, that court shall be possessed of the action."

Perhaps no better example of a case justifying the rule favoring appeals could be found than the one before us. The pleading upon which the county court heard and allowed a claim of $94,652.39 is as follows:

"County Court, Douglas County, State of Nebraska.

"In the Matter of the Estate of  }
    Anthony J. Drexel, Deceased.  }

"The Estate of Anthony J. Drexel, deceased, Dr.

"To Abraham L. Reed......................$83,333 00
and interest on the above amount from Jan.
1, 1896, at 5 per cent. per annum............ 5,381 89
                                           _____
                                            $88,714 89

"State of Nebraska,  }
                     } ss.
County of Douglas.   }

"Abraham L. Reed, being duly sworn, deposes and says
that the above claim against the estate of Anthony J.
Drexel, deceased, is just and true, and that the amount
of said claim, as stated above, after allowing all just
credits thereon, is now due and wholly unpaid.

"Affiant says that said claim is due him as his share of
the unpaid purchase price of certain land, described as
follows, to wit: (Here follows the description of certain
real estate.)

"And upon certain notes, mortgages and deeds, and
agreements made in connection with the sale of said
land and the assumption of said unpaid purchase price
by said Anthony J. Drexel."

This, as a pleading, is only sufficient to suggest to the
mind of a lawyer what issues are probably involved that
should be tried upon pleadings, much more full and spe-
cific, such as are required in the district court.

Plaintiffs in error urge that the act of 1881, providing
for appeal in cases like this, does not repeal the provisions
of section 242 of chapter 23, wherein parties of their class
are allowed extra time for taking an appeal. We think
the former opinion holding against this contention is cor-
rect, and we adhere to that holding for the reasons therein
given.

We think the district court became possessed of the
action, and that it erred in dismissing the appeal. We

therefore recommend that the former decision of this court be adhered to, and the cause remanded to the district court for further proceedings.

BARNES and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the order of the district court sustaining the objections to its jurisdiction is reversed, and the cause remanded for further proceedings.

REVERSED.