IN RE ESTATE OF EDWARD McSHANE.

JOHN McSHANE, APPELLANT, v. ESTATE OF EDWARD McSHANE ET AL., APPELLEES.

FILED APRIL 13, 1909.   No. 15,608.

Appeal: JURISDICTION. The duty cast by statute upon a county judge to transmit to the clerk of the district court a transcript of the proceedings in county court in case of an appeal therefrom is a ministerial one, and, if he is induced by the advice of an attorney for appellant to delay such transfer beyond 40 days from the date of the order appealed from, the district court will not acquire jurisdiction of the case.

APPEAL from the district court for Dixon county: GUY T. GRAVES, JUDGE. *Affirmed.*

*C. A. Kingsbury, M. H. Dodge* and *Charles A. Dickson,* for appellant.

*J. J. McCarthy* and *John V. Pearson, contra.*

ROOT, J.

January 15, 1907, the county court of Dixon county disallowed certain items in a claim of John McShane against the estate of Edward McShane, deceased. The claimant that day gave written notice of his appeal from said order, and executed a bond, which was duly approved. The transcript was not filed till 44 days sub-

sequent to the making of said order.  On the application of the representatives of said deceased, the appeal was dismissed.  Claimant appeals.

The county judge testified, on the hearing of the application, to dismiss the appeal, that he was advised by counsel for claimant that, if the transcript was filed with the clerk of the district court on or before the first day of the next succeeding term thereof, it would be in time; that he did not at that time know that the transcript should be filed within 40 days subsequent to the entry of the judgment, but relied on said attorney's advice, and filed the transcript accordingly.  The attorneys for claimant each made an affidavit contradicting the county judge, and were corroborated by claimant's affidavit.  The court found, as a matter of fact, that the judge did thus rely on counsel, and was not guilty of any laches in the premises.  The finding of the court must be sustained unless clearly wrong upon the evidence.  The record discloses that two of the affiants at least were in court, but were not cross-examined.  We cannot say that the district court was not justified in accepting the evidence of the county judge, who was cross-examined and sustained himself upon that subject, rather than to take the statements in the *ex parte* affidavits as true.  In *Drexel v. Reed,* 65 Neb. 231, 69 Neb. 468, we held that, if a party had not waived his right to have the county judge transmit to the district court the transcript on appeal, the laches of that official would not deprive the litigant of his day in district court.  In the instant case, applying the law to the findings of the court, the delay of the county judge was the delay of the claimant.  The duty to transmit a transcript is ministerial, and one that the county judge may discharge according to the advice, and at the risk, of the litigant interested.

The judgment of the district court on the findings is right, and will be

AFFIRMED.