IN RE ESTATE OF SWAN M. NELSON.

J. A. SINGHAUS, ADMINISTRATOR, APPELLANT, v. JOHN F. PIPER, APPELLEE.

FILED APRIL 11, 1922.    No. 22036.

1. County Court: APPEAL. "A district court does not acquire jurisdiction of an appeal from an order in a probate proceeding unless within forty days from the date of the order a transcript thereof and of the proceedings relative to it is filed with the district court clerk, nor unless within thirty days from the date of such order the bond upon appeal, required by the statute, has been executed and filed." *Jones v. Piggott*, 68 Neb. 140.

2. Appeal: SUPERSEDAS BOND. "Under section 1528, Rev. St. 1913, an executor, administrator or guardian or guardian *ad litem* is not required to give bond on appeal when the appeal is taken in his representative capacity for the benefit of the estate, or the ward; but when the appeal is taken in furtherance of his individual interests he must give bond like other suitors." *In re Langdon*, 102 Neb. 432.

APPEAL from the district court for Burt county: CHARLES A. GOSS and CHARLES LESLIE, JUDGES. *Reversed, with directions.*

*J. A. Singhaus* and *Herbert Rhoades*, for appellant.

*Montgomery, Hall & Young* and *James A. Clark*, contra.

Heard before LETTON, DAY, and DEAN, JJ., CLEMENTS and WELCH, District Judges.

LETTON, J.

On January 27, 1915, John F. Piper, administrator of the estate of Swan M. Nelson, deceased, filed in the county court of Burt county a report of his acts as such administrator from April 5, 1913, to January 21, 1915, showing a balance in his hands due the estate of $1,400.25. On Feb-

ruary 1, 1915, he filed a petition setting forth that no further service by him is required in the matter of the estate, and prayed that his report be approved, that he be directed to assign the property in his hands to the parties entitled to the same, and that upon compliance with the orders of the court he be released and discharged. Objections were filed by the heirs and a hearing had. The court made lengthy and detailed findings as to the amount of money the administrator should be charged with, amounting to over $13,000, directed him to pay certain expenses of administration, and to pay the several heirs the amounts found due each of them, respectively, and ordered that, if these amounts were not paid within 30 days, he be removed as administrator. The only remaining thing for the administrator to do was to pay over the money. The decree was rendered on June 22, 1915. On July 20, 1915, a transcript of the record was filed in the district court for Burt county. A motion to dismiss the appeal was filed by the parties interested, and by J. A. Singhaus, administrator *de bonis non*, setting forth that Piper had resigned as administrator, that J. A. Singhaus had been appointed as administrator *de bonis non* of the estate, and alleging, among other grounds for dismissal of the appeal, that said Piper as an individual had filed no appeal bond and has no standing as appellant. This application was resisted. Affidavits were filed both in support of and in resistance to the motion. On December 10, 1920, the motion to dismiss was overruled on condition that John F. Piper file a bond conditioned according to law, in the sum of $25,000. Such a bond was filed and approved by the judge of the district court that day. A motion to strike the bond for the reason that it was not filed within 30 days from the final order of the county court was filed, and was overruled. Upon the hearing on the merits, the court found that on August 29, 1916, there was due the estate from Piper the sum of $11,065.14. The administrator *de bonis non* and other parties interested, among other assignments of error, complain that the court erred in over-

In re Estate of Laflin.

ruling the motions to dismiss the appeal, to strike the appeal bond, and erred in allowing the filing of such bond.

When an administrator appeals from an order or decree finding the amount due from him to the estate on his final accounting, he is in the same position as any other debtor to the estate, and if he desires to appeal he must give bond. The jurisdiction of the district court in such appeals depends upon two conditions: The giving and approval of an appeal bond in the county court within 30 days, and the filing of a transcript of the record within 40 days after the rendition of the final order. *Jones v. Piggott*, 68 Neb. 140; *Thompson v. Pope*, 77 Neb. 338; *In re Estate of O'Brien*, 80 Neb. 125; *In re Williams*, 97 Neb. 726; *In re Estate of Craig*, 101 Neb. 439; *In re Langdon*, 102 Neb. 432.

The appeal was not perfected in accordance with the law, and the court did not acquire jurisdiction of the subject-matter of the appeal. It follows that it had no power to permit an appeal bond to be filed in the district court, and all proceedings in that court were without jurisdiction. It is argued that, by agreeing to a continuance of the hearing and by his conduct in other respects, the appellant is estopped to raise this question. If jurisdiction of the person were alone involved, this might be true, but consent cannot give jurisdiction of the subject-matter.

The judgment of the district court is reversed, with directions to dismiss the appeal from the county court.

REVERSED.