IN RE ESTATE OF JOHN H. RUNYON.

WILLIAM A. LOWELL, ADMINISTRATOR, APPELLANT, V. REBECCA JANE RICHARDSON, APPELLEE.

FILED FEBRUARY 13, 1924.   No. 22640.

</div>

1. Appeal: SUPERSEDEAS BOND. In an appeal from a final order of the county court in probate proceedings by an administrator, in furtherance of his individual interests, he is required to execute and file a bond like other suitors.

2. ———: JURISDICTION. A district court does not acquire jurisdiction of an appeal from an order in probate proceedings, unless within 30 days from the date of such order the bond upon appeal, required by the statute, has been executed and filed.

3. ———: ———. In an appeal from an order of a county court in probate proceedings, where the record discloses upon its face that the district court has not acquired jurisdiction, such want of jurisdiction may be taken advantage of at any stage of the proceedings.

APPEAL from the district court for Lincoln county: J. LEONARD TEWELL, JUDGE. *Affirmed.*

*T. R. P. Stocker,* for appellant.

*Halligan, Beatty & Halligan, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE and GOOD, JJ., REDICK and SHEPHERD, District Judges.

GOOD, J.

William A. Lowell, as administrator of the estate of John H. Runyon, deceased, appealed to the district court from an order of the county court, which disallowed certain items of expense in his final report as administrator, and which directed him to pay into court for the heirs of the decedent all the funds in his possession in excess of the costs and expenses of administration, as allowed by the county court. One of the heirs of decedent filed a motion to dismiss the appeal, on the ground that the transcript was not filed within 40 days from the entry of the order appealed from. The mction was sustained and the appeal dismissed, and from this judgment of dismissal the administrator has appealed to this court.

From the record it appears that on December 3, 1920, an order was entered in the county court disallowing certain items in the account of the administrator. Subsequently, there was an additional report filed by the administrator, informing the county court that there were other heirs than had previously been disclosed to the court. The administration proceeding was opened up to let in the additional heirs, and on June 7, 1921, a final decree was entered which modified the order of December 3 with respect to the heirship and proportionate share of each heir in the estate. In this order of June 7 the court again found that the administrator was

not entitled to the items that had been disallowed on December 3, 1920, and decreed that the former order, with respect to the disallowance of the items in the administrator's account, should not be modified. The final decree of June 7 further directed the administrator to pay into court for the heirs of decedent all the funds in his possession as administrator, in excess of the amount necessary to pay the costs and expenses of administration. It is the order entered June 7, 1921, from which the administrator sought to appeal, seeking to have the district court review the order of the county court with respect to the disallowance of items in his account, and also to review the order requiring him to pay the funds in his possession into court, instead of paying them to the heirs, as provided by statute.

The transcript was not filed in the district court until the 20th day of July, 1921, which was 43 days after the entry of the order in the county court. It may be observed that, with respect to the disallowance of items in his account, the order was entered December 3, 1920, and was never modified, and that more than six months elapsed from that order before the transcript was filed in the district court. The administrator seeks to excuse himself from filing the transcript in the district court within the 40 days, prescribed by statute, from the date of the order entered June 7, 1921, by showing that the transcript was ordered and that he offered to pay for the same on or about the 6th day of July, and that his failure to furnish the transcript was due to the negligence of the county judge, and not to any fault on the part of the administrator.

From a consideration of the evidence, we are inclined to the view that the evidence sufficiently shows that the administrator ordered the transcript, and offered to pay for the same, in due time, and that the delay in preparing and filing the transcript in the office of the clerk of the district court was not due to any act of negligence on the part of the administrator, but to the unjustifiable delay on the part of the county judge.

However, appellee contends that the appeal is on behalf of the administrator, in furtherance of his individual interests, and that he is therefore required to give bond like other suitors; that, while the administrator filed a bond in the county court, such bond was not filed until the 8th day of July, 1921, being more than 30 days after the entry of the order appealed from; that, by reason of his failure to file the bond within the time prescribed by statute, the district court acquired no jurisdiction of the appeal; that it necessarily follows that the appeal was rightfully dismissed, because the court had no jurisdiction, and that it was immaterial that the motion to dismiss was not based upon the ground of the failure to file the bond within the time prescribed by statute.

In *In re Langdon,* 102 Neb. 432, this court held: "Under section 1528, Rev. St. 1913 (Comp. St. 1922, sec. 1473), an executor, administrator or guardian or guardian *ad litem* is not required to give bond on appeal when the appeal is taken in his representative capacity for the benefit of the estate, or the ward; but when the appeal is taken in furtherance of his individual interests he must give bond like other suitors." In the case under consideration, it does not appear that that appeal was for the purpose of protecting the estate of decedent; that the amount of the estate would be either increased or diminished by the order of the court directing the payment of the shares, belonging to the heirs, into court for them. The appeal, therefore, must be considered as being on behalf of the administrator, in furtherance of his individual interests, and he was required, therefore, to execute and file a bond within 30 days from the order appealed from.

This court has further held in *Jones v. Piggott,* 68 Neb. 140, and in *In re Estate of Nelson,* 108 Neb. 296, that "A district court does not acquire jurisdiction of an appeal from an order in a probate proceeding unless within forty days from the date of the order a transcript thereof and of the proceedings relative to it is filed with the district court clerk, nor unless within thirty days from the date of such order the bond upon appeal, required by the statute,

has been executed and filed." In this case the bond was not filed until the 8th day of July, which was more than thirty days after the entry of the order in the county court, which is sought to be appealed from.

It follows that the district court did not acquire jurisdiction. Since the record discloses, on its face, that the court did not acquire jurisdiction, the motion to dismiss was properly sustained, as want of jurisdiction, apparent on the face of the record, may be taken advantage of at any stage of the proceedings.

The judgment of the district court dismissing the appeal was in accordance with law, and is, therefore,

AFFIRMED.