IN RE ESTATE OF ROBERT TAGART.
JOHN MURPHY, APPELLANT, V. ESTATE OF ROBERT TAGART, APPELLEE.

FILED APRIL 25, 1930. No. 27104.

*Bartos & Placek,* for appellant.

*J. C. Moore, contra.*

HEARD before GOSS, C. J., ROSE, DEAN, GOOD and DAY, JJ., and CARTER and CHASE, District Judges.

CHASE, District Judge.

On June 12, 1928, there was pending in the probate court of Johnson county proceedings in the matter of the estate of Robert Tagart, deceased. On said date the appellant herein filed a claim in said probate court against said estate claiming that there was due from him from said deceased the sum of $1,025.85. Appropriate objections were filed on behalf of the administrator against the allowance of said claim, the issues were formed, and the matter was heard in the county court and was taken under advisement. On December 4, 1928, the county court entered its judgment dismissing the claim. On December 31, 1928, the appellant presented to the county judge an appeal bond evincing his desire to appeal to the district court from the judgment disallowing said claim. Said appeal bond was approved and filed by the county judge on the 31st day of December, 1928. On December 29, 1928, the county judge received an order from appellant for a transcript of the proceedings. On December 31, 1928, the county judge pre-

pared the transcript. This transcript was never filed in the office of the clerk of the district court within the required time provided by statute. A motion was made in the district court to dismiss the appeal for the reason that the transcript was not filed in time. A hearing upon the motion was had, whereupon the district court dismissed the appeal, and from such judgment of dismissal the appellant prosecutes error to this court.

The appellant contends that he exercised due diligence in demanding the transcript, and that the county judge wrote him that the transcript would be prepared and filed, and that the failure of the county judge to file the transcript is through no fault of the appellant and it was error to dismiss his appeal. This appears to be the only question presented by the record for review in this court.

The evidence is undisputed that the transcript was prepared on the 31st of December, 1928. It appears from the affidavit of the county judge, F. C. Radke, that it was prepared on the 31st of December, 1929. The affidavit appears to have been sworn to on the 27th day of March, 1929, and therefore the date of December 31, 1929, appears to be in error and it doubtless was intended to be December 31, 1928. This being the case, the record is undisputed as to the date the transcript was prepared, which was December 31, 1928.

F. C. Radke, who was then county judge, in his affidavit states that he prepared this transcript on the date stated; that he never notified appellant or his attorney that the transcript was ready and had not been filed; that his term of office was about to expire and he was somewhat confused by the stress of business which occurred just previous to his departure from the office, and that he completely forgot to file the transcript, stating that that was the reason for not filing it.

In the counter showing of appellee, county judge F. C. Radke makes another affidavit in which he states that he caused a transcript for an appeal to be made in this cause and notified the attorney for the claimant that the fee for

the same was $2 and transcript should be delivered upon the payment of the fee.

Judge Radke's term of office expired on January 3, 1929, and Walter P. Campbell succeeded F. C. Radke as county judge of Johnson county, assuming the duties on the 3d day of January, 1929. There appears in the record an affidavit of Judge Campbell in which he states that when Judge Radke delivered the office of county judge to him Judge Radke informed affiant that this transcript had been prepared at the direction of attorney for the appellant, and that the transcript fee of $2 had not been paid, and that said transcript should not be delivered until said fee of $2 had been paid. There also appears in the record a letter written by Judge Radke under date of December 31, 1928, addressed to Bartos & Placek, at Wilbur, Nebraska, attorneys for appellant, which contains the following language:

"In re John P. Murphy claim against Tagart Estate.

"Gentlemen:

"Your letter received. Appeal bond filed and approved this date. Fee for transcript will be $2.00. Filing fee in district court $1.00. Please remit $3.00. Transcript will be made and filed."

There seems to be a rule of general judicial policy favoring the right of a litigant to have his cause determined by the court of last resort unless through some neglect or lack of diligence he has failed to comply with the rules of procedure entitling him to such hearing. It is a fact that this transcript was not filed within the time provided by law. If the trial court acquired no jurisdiction of the cause it properly dismissed the appeal. Then the issue is whether or not the appellant exercised due diligence in his endeavor to have the appeal properly perfected.

The statutes governing appeals from the county court in ordinary civil actions and in probate proceedings differ quite materially. In ordinary civil actions it seems there is no legal duty imposed upon the county judge to do more than prepare the transcript, while the statute regulating appeals in probate matters is as follows:

"When such appeal is taken, the county court shall, on payment of his fees therefor, transmit to the clerk of the district court, within ten days after perfecting such appeal, a certified transcript of the record and proceedings relative to the matter appealed from." Comp. St. 1922, sec. 1475. It will be noted that this statute casts upon the county judge the duty to transmit the transcript to the clerk of the district court within ten days after perfecting such appeal, on payment of his fees therefor. The case cited, *Cheney v. Buckmaster,* 29 Neb. 420, is not authority here, for the reason that that was an ordinary civil action brought before the county judge upon a claim in excess of his justice jurisdiction, and was not in a probate proceeding, and therefore was regulated by a different statute from the one applicable in the instant case. The payment of the fee for making the transcript seems to be, by this statute, a prerequisite to the right of a party to have it transmitted to the district court.

The record is without dispute that the fee was not paid prior to the time fixed by the statute for delivering the transcript to the district court. It is evident that in the passage of this statute the legislature incorporated this clause for the purpose of protecting probate judges from a loss of fees in case there was any question as to the financial ability of the appellant. In *Drexel v. Reed,* 65 Neb. 231, in construing this identical statute, the court said that the right to demand and collect fees in advance could be waived by the county judge. In deciding that case the following language is used:

"This was under a general practice of the county court in such cases not to ask for fees in advance from reliable attorneys. There is no doubt of the correctness of the county judge's statement that nonpayment of fees had nothing to do with this delay. He waived their payment in advance of the service. That he could do so admits of no doubt. The direct reference in the statute to his performing this duty, 'on payment of his fees therefor,' was not intended to place this one on any different footing from

other duties, in respect to prepayment of fees. It was evidently inserted only out of abundant caution to preserve the right to demand them."

Judge Radke, in his affidavit offered by the appellant, states that the failure to file the transcript was not based upon the nonpayment of the fee in advance, but he prepared the transcript and wholly forgot the same because of the necessity of caring for many duties just prior to his departure from his office. This seems to be borne out by the letter herein quoted in which he writes counsel for appellant sending him a bill for the cost of preparing and filing the transcript and states in this letter that the transcript will be prepared and filed. He does not state that the transcript will be held and not filed until the fee is paid. He merely asks attorneys for appellant to remit $3. Then follows the statement that transcript will be made and filed. It seems to us that a reasonable interpretation of this statement is that he waived the payment of fees in advance.

From a consideration of all the evidence presented by the record, we think that the case falls within the rule announced in *Drexel v. Reed, supra,* and that the county judge waived the right to collect the fee in advance, and that appellant from the information he had received from the county judge acted as a reasonable and prudent person would have acted under the circumstances, and had a right to believe that the county judge would transmit the transcript within the time provided by law. This position is strengthened by the fact that the county judge, in one affidavit, states that the failure to file it was because he completely forgot it, and not because the fee had not been paid.

Under the facts as they appear, we reach the conclusion that the appellant had a right to have his case heard by the trial court and a denial of that right constitutes error. The judgment is therefore reversed and the cause remanded.

REVERSED.