IN RE GUARDIANSHIP OF PETER HERGENROTHER.
PETER HERGENROTHER, APPELLANT, V. FRED HERGENROTHER ET AL., APPELLEES.

5 N. W. (2d) 118

FILED JULY 24, 1942. No. 31341.

*George W. Miller*, for appellant.

*August C. Krebs* and *D. B. Massie, contra.*

Heard before SIMMONS. C. J.. ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

MESSMORE, J.

On March 28, 1941, a proceeding was brought in the county court of Clay county, Nebraska, for the appointment of a guardian, pursuant to section 38-201, Comp. St. 1929, which provides: "When the relatives or friends of * * * any person who, by reason of extreme old age, * * * is mentally incompetent to have the charge and management of his property, shall apply to the county court to have a guardian appointed for him," etc. The court gave the proper 14-day notice, as provided by said section, hearing was had, a guardian appointed, and bond given by the guardian April 16, 1941, as provided by sections 38-202 and 38-203, Comp. St. 1929.

The petition was brought by six nephews and nieces of Peter Hergenrother, a man 83 years of age, who, just prior to the bringing of the proceedings, deeded 160 acres of land, of the assessed valuation of $6,000, for the consideration of one dollar, to one Willard Anderson. Peter Hergenrother was also possessed of personal property situated in Clay county, the value of which was not known to the petitioners. The ward gave notice of appeal on April 16, 1941, and a cer-

tified transcript of the proceedings had in the county court was filed with the clerk of the district court on the 19th of April, 1941. On the 21st of May, 1941, the guardian filed two motions to dismiss the appeal in the district court, for the reason that no appeal bond had been filed within 30 days from the date of the order, as required by the statutes of this state, and that the appellant is not an administrator, an executor, a guardian or guardian *ad litem* in said case; the time for the filing of the appeal bond has expired, and the court has no jurisdiction to hear the case. The district court sustained the motion to dismiss the appeal and remanded the case to the county court for further proceedings. From that order of the district court, the ward appeals to this court.

Sections 30-1601 to and including 30-1610, Comp. St. 1929, provide procedure for appeals in probate matters from the county court to the district court.

In 1 Bouvier's Law Dictionary (Rawle's 3d Rev.) p. 712, appears the following: "Court of Probate. In American Law. A court which has jurisdiction of the probate of wills and the regulation of the management and settlement of decedents' estates, as well as a more or less extensive control of the estates of minors and other persons who are under the especial protection of the law." And in 34 Words & Phrases (Perm. ed.) p. 59, the word "probate" is thus defined: "Probate originally meant merely relating to proof, and afterward relating to the proof of wills. Yet in the American law it is now a general name or term used to include all matters of which probate courts have jurisdiction, which are usually the estates of deceased persons and all persons under guardianship."

This court, in *In re Guardianship of Strelow*, 116 Neb. 873, 219 N. W. 387, held that the provisions of section 1471, Comp. St. 1922 (now section 30-1601, Comp. St. 1929) are "applicable to actions involving the appointment of guardians and the administration of their wards' estates, as well as to the administration of estates of deceased persons." By the decision of the court in the *Strelow* case, it is obvious

that appeals from orders in guardianship matters from the county court to the district court are governed by article 16, ch. 30, Comp. St. 1929, "Appeals in Probate Matters."

Section 30-1601, Comp. St. 1929, which is the same as section 1471, Comp. St. 1922, above referred to, provides: "In all matters of probate jurisdiction, appeals shall be allowed from any final order, judgment, or decree of the county to the district court by any person against whom any such order, judgment or decree may be made or who may be affected thereby."

That the words "probate jurisdiction," as used in section 1471, Comp. St. 1922, and in section 30-1601, Comp. St. 1929, above quoted, were by the legislature intended to and do include appointment of guardians and the administration of their wards' estates, as well as the administration of estates of deceased persons, is evidenced by reference to section 1473, Comp. St. 1922, which is analogous to section 30-1603, Comp. St. 1929, providing, in part, as follows: "Every party so appealing shall give bond in such sum as the court shall direct, with two or more good and sufficient sureties, to be approved by the court, conditioned that the appellant will prosecute such appeal to effect without unnecessary delay, and pay all debts, damages and costs that may be adjudged against him. *The bond shall be filed within thirty days from the rendition of such decision.* But an executor, administrator, guardian or guardian *ad litem* shall not be required to enter into bond in order to enable him to an appeal." (Italics ours.)

In the instant case, no objections to the appointment of the guardian were filed by the ward or his attorney in the county court. The guardian did not appeal; neither was counsel for the ward appointed guardian *ad litem*. Therefore, the exceptions to the filing of a bond on appeal, as required by section 30-1603, *supra*, were nonexistent. No bond was filed in the district court to appeal from the county court as required by section 30-1603. This was the only question before the court and is the only question to be determined by this court. The following decisions are likewise applicable:

In *Jones v. Piggott*, 68 Neb. 140, 93 N. W. 1000, this court held: "A district court does not acquire jurisdiction of an appeal from an order in a probate proceeding unless within forty days from the date of the order a transcript thereof and of the proceedings relative to it is filed with the district court clerk, nor unless within thirty days from the date of such order the bond upon appeal, required by the statute, has been executed and filed." See, also, *In re Estate of Powers*, 79 Neb. 680, 113 N. W. 198; *In re Estate of Nelson*, 108 Neb. 296, 187 N. W. 916; *In re Estate of Runyon*, 111 Neb. 635, 197 N. W. 417.

The right to appeal from the county court to the district court is statutory. Statutory requirements relating to appeals and especially to appeal bonds are mandatory. See *Greb v. Hansen*, 123 Neb. 426, 243 N. W. 278.

Appellant, having failed to comply with the provisions of the applicable statutes, viz., sections 30-1601 to and including 30-1610, Comp. St. 1929, cannot prevail in this appeal. The decision of the district court in sustaining the motion on the part of the guardian to dismiss the appeal from the county court to the district court was correct.

Having determined this issue, other assignments of error need not be considered.

AFFIRMED.