In re Estate of Joseph F. Gallagher, deceased.
Leo F. Harte et al., appellants, v. James P. Gallagher,
Administrator of the Estate of Joseph F. Gallagher,
deceased, appellee.

181 N. W. 2d 251

Filed November 20, 1970. No. 37595.

McFadden & Kirby, for appellants.

Julius D. Cronin and Edward E. Hannon, for appellee.

Heard before White, C. J., Carter, Spencer, Boslaugh, Smith, McCown, and Newton, JJ.

Newton, J.

The estate of Joseph F. Gallagher, deceased, was administered in the county court of Holt County, Nebraska. Objections were filed to the final report and account of the administrator. The objections were overruled and a final decree entered. Notice of appeal was duly given and appeal bond timely filed and approved. No praecipe for transcript was filed but the transcript was ordered or requested and, in line with his customary

practice, the county judge waived the advance payment of fees. The transcript was not filed in the district court until after the time allotted by statute had expired and the appeal was dismissed. We reverse the judgment of dismissal.

It is conceded that the county judge wrote a letter to appellants' attorneys requesting instructions regarding the desired contents of the transcript. The judge excuses his delay in filing the transcript on the ground that he failed to receive a response to his letter. Appellants claim they immediately contacted the judge by telephone and gave him the requested information.

Although the filing of a praecipe for a transcript is the better practice, it is not required by statute. Sections 30-1602, R. R. S. 1943, and 30-1603, R. S. Supp., 1969, allow 30 days to file the appeal bond and take the appeal. Section 30-1605, R. R. S. 1943, provides: "When such appeal is taken, the county court shall, * * * transmit to the clerk of the district court, within ten days after perfecting such appeal, a certified transcript * * *."

"In an appeal from the county court in a probate proceeding under a statute providing that it shall be the duty of the probate judge, upon payment of his fee therefor, to transmit to the clerk of the district court a certified transcript of the proceedings, said probate judge may waive the right to demand his fee in advance for the making of such transcript." In re Estate of Tagart, 119 Neb. 647, 230 N. W. 492. See, also, Drexel v. Reed, 69 Neb. 468, 95 N. W. 873.

Where, on appeal in a probate proceeding, notice of appeal is given and bond filed as required by statute, it is the mandatory duty of the county judge to prepare and transmit the transcript to the district court and his failure to do so will not defeat the appeal. See, Drexel v. Reed, *supra;* In re Estate of Tagart, *supra.* Where a duty is placed upon a public officer to perform acts necessary to perfect an appeal, his failure to perform cannot be charged to the litigant nor operate to defeat

the appeal. See, Prucka v. Eastern Sarpy Drainage Dist., 157 Neb. 284, 59 N. W. 2d 761; Miller v. Peterson, 165 Neb. 344, 85 N. W. 2d 700.

In the present case a misunderstanding appears to have occurred and an inadvertent failure to file the transcript on time resulted. It is understandable that the officer upon whom the duty to prepare the transcript devolved would wish to make inquiry relative to the desired contents. This cannot, however, excuse the failure to perform a mandatory duty. When the necessary preliminary steps have been complied with, the officer *must* prepare and forward the transcript. His failure to do so will not defeat the appeal.

The judgment of the district court is reversed and the cause remanded for trial.

REVERSED AND REMANDED.