IN RE ESTATE OF LUDVIK CAHA, DECEASED.
THEOPHIL CAHA, APPELLANT, v. DON J. NELSON, EXECUTOR
OF THE ESTATE OF LUDVIK CAHA, APPELLEE.
237 N. W. 2d 870

Filed January 29, 1976. No. 40165.

Hyman Polsky, for appellant.

John V. Hendry of Marti, Dalton, Bruckner, O'Gara & Keating and Wallace Rudolph, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

PER CURIAM.

Theophil Caha appeals to this court from an order entered by the District Court for Lancaster County dismissing his appeal from the county court of Lancaster County on the ground that the transcript for appeal was not timely filed as required by the statutes of this state governing appeals in probate matters. We affirm.

The applicable statutes are sections 30-1601, 30-1602, 30-1604, 30-1605, and 30-1606, R. R. S. 1943, and section 30-1603, R. S. Supp., 1974. Section 30-1601 provides that in all matters of probate jurisdiction, appeal shall be allowed from any final order, judgment, or decree of the county court to the District Court by any person against whom any order, judgment, or decree may be made or who may be affected thereby. Section 30-1602 provides that all appeals shall be taken within 30 days after the decision complained of is made. Section 30-1603, so far as material, provides that every party so appealing shall within 30 days of the rendition of the decision give bond in such sum as the court shall direct, conditioned that the appellant will prosecute such appeal to effect without unnecessary delay, and pay all debts, damages, and costs that may be adjudged against him. Section 30-1605 provides that when such appeal is taken "the county court shall, on payment of his fees therefor, transmit to the clerk of the district court,

within ten days after perfecting such appeal, a certified transcript of the record and proceedings relative to the matter appealed from." (Emphasis supplied.) Section 30-1606 provides, so far as material, that upon the filing of such transcript in the District Court, that court shall be. possessed of the action, and shall proceed to hear, try, and determine it in the manner set out in the statute.

These statutes have been construed together to establish the rule that the District Court does not acquire jurisdiction of an appeal from an order in a probate proceeding unless within 40 days from the date of the order, a transcript thereof with the proceedings relative to it is filed with the clerk of District Court, nor unless within 30 days from the date of such order the bond upon appeal, required by the statute, has been executed and filed. In re Estate of Runyon, 111 Neb. 635, 197 N. W. 417 (1924); Jones v. Piggott, 68 Neb. 140, 93 N. W. 1000 (1903); In re Estate of Nelson, 108 Neb. 296, 187 N. W. 916 (1922). However, we have also held that under section 30-1605 the probate judge, by his conduct or customary course of procedure, may waive the right to demand in advance his fee for the making of such transcript. Harte v. Gallagher, 186 Neb. 141, 181 N. W. 2d 251 (1970); In re Estate of Tagart, 119 Neb. 647, 230 N. W. 492 (1930); Drexel v. Reed, 69 Neb. 468, 95 N. W. 873 (1903).

In this case the will and codicil of Ludvik Caha, deceased, were offered for probate in the county court, and a hearing held thereon, and also on the objections to probate filed by Theophil Caha. On January 8, 1975, the court entered its order admitting the will and codicil to probate. On January 14, 1975, Theophil Caha gave notice of his intention to appeal from that order and at the same time filed a $200 cash bond as set by the court. Counsel for appellant then filed a praecipe for a transcript on January 16, 1975, but the transcript itself was not filed in the office of the clerk of the

District Court until February 26, 1975, when the fee for it was paid. That date, according to the legal computation, was 49 days after the January 8th decree from which Theophil Caha appealed, or 9 days beyond the statutory maximum period allowed for perfecting the appeal. See § 25-2221, R. S. Supp., 1974. The issue becomes, therefore, whether appellant's delay was possibly excusable, because of waiver of prepayment of the transcript fee, or fault or negligence on the part of county officials or employees, or was caused by the fault of others. See, for example, Harte v. Gallagher, *supra*; In re Estate of Bednar, 151 Neb. 242, 37 N. W. 2d 195 (1949); In re Estate of Tagart, *supra;* In re Estate of Runyon, *supra;* Stewart v. Raper, 85 Neb. 816, 124 N. W. 472 (1910); Drexel v. Reed, *supra.*

No oral evidence was adduced at the hearing in District Court on the motion to dismiss, the entire matter being heard on affidavits submitted as exhibits by the parties. These affidavits described, sometimes in conclusory terms, the actions of the county judge, his staff, and of appellant's attorney at that time. A deputy clerk in the county court stated that the transcript was prepared by the court on January 22, 1975, and that on January 23, 1975, she telephoned the office of the attorney of record for Theophil Caha and informed his office that the transcript was ready to be transmitted upon the payment of the fee. In additional affidavits, the same deputy clerk, and also another clerk, deposed that they had personally informed certain individuals, known to them to be employees of the law firm of appellant's counsel, that the transcript was prepared and ready to be transmitted upon the payment of the fee. Both the county judge and the county clerk deposed in their separate affidavits that payment of the fees for the transcript was not waived in this case, and that it is not their practice or custom to waive the right to demand in advance fees for the preparation of transcripts in probate appeals not taken by the administra-

tors or executors; and that, in fact, transcripts are never allowed to be transmitted to the District Court for Lancaster County prior to the payment of fees. Theophil Caha, in resistance to appellee's motion to dismiss his appeal, submitted the affidavit of his attorney to the effect that he gave notice to the county court of his intention to appeal, together with a cash deposit in the amount of $200, filed a praecipe for the preparation of the transcript, "and tendered fees therefor," on or about January 14, 1975. He further stated that the transcript was never delivered to him nor transmitted to the clerk of the District Court; that he relied upon the clerk of the county court in this matter; did not receive a telephone call to the effect that the transcript had been prepared; nor did the county judge at any time contact affiant with respect to this matter; and that said transcript was not transmitted to him. We note in passing that the affidavit of one of the deputy clerks also states that on February 26, 1975, the fee for the transcript was paid to the county court of Lancaster County, Nebraska, "and a transcript was duly presented to a representative of Theophil Caha upon the payment of said fee." We are unable to ascertain from the record who paid the clerk for the transcript on the day in question, nor to whom it was delivered.

In this appeal, appellant makes two principal claims. First, that his alleged "tender" of the fee resulted in a waiver of the right to advance payment by the county court; and, second, that since he had posted a $200 cash appeal bond, it should have been used to pay for the transcript fees. In his affidavit counsel for appellant does allege that he tendered the fees for the transcript at or about the time he ordered it. The word "tender" is a word of art, and, standing alone, appears to be a mere legal conclusion. It would have been more helpful to the court had we been informed as to what actually transpired and what conversation ensued between the parties involved therein. It is the general rule that an

affidavit should be made by one having actual knowledge of the facts, and its allegations should be of the pertinent facts and circumstances, rather than conclusions, and should be full, certain, and exact. 3 Am. Jur. 2d, Affidavits, § 20, p. 396; 2A C. J. S., Affidavits, § 47, pp. 488, 489. Although appellant's counsel states in his affidavit that he "tendered fees," there is nothing in the record whatsoever that any proffered payment was refused; and what actually transpired, as previously stated, is a matter of conjecture.

The word "tender" has implicit in it a conclusion that all prerequisite elements are present to make the "offer" an actual "tender." Tender is an offer to perform a condition or obligation, coupled with the present ability of immediate performance, so that were it not for the refusal of cooperation by the party to whom tendered, the condition or obligation would be immediately satisfied. 15 Williston on Contracts (3d Ed.), § 1808, p. 418 (1972). According to Williston, "Tender of an unliquidated amount of money is also in the strict sense impossible." At the time that Caha's attorney allegedly offered to pay the transcript fees, the amount due was not known, nor was it immediately capable of certain calculation. At common law, tender could be pleaded in actions on a debt but not in an action on the case or in any action brought strictly for the recovery of unliquidated damages. In the absence of a statute to the contrary, tender is authorized "only in those cases where the demand is in the nature of a debt - where the sum due is either certain, or capable of being made certain by a mere arithmetical calculation." Johnson v. Williams, 222 Ala. 278, 132 S. 170 (1931), citing Green v. Shurtliff, 19 Vt. 592; Ganus & Co. v. Tew, 163 Ala. 358, 50 S. 1000 (1909). Under the circumstances of this case, a "tender" in contemplation of law was not possible before the cost of the transcript was determinable. Clearly, payment was not a condition to the preparation of the transcript; and an obligation to pay,

that is a debt, did not exist until the court had prepared the transcript. This court has stated that by pleading a tender one concedes "that the amount tendered was due at the time it was made." James v. Hogan, 154 Neb. 306, 47 N. W. 2d 847 (1951); Portsmouth Savings Bank v. Yeiser, 81 Neb. 343, 116 N. W. 38 (1908). The amount of the transcript fee was unknown; and that amount, whatever it might have been, was not due when appellant's attorney allegedly proffered payment. We conclude that under the facts of the instant case a legal tender was not made to the county court for the payment of the transcript fees. Such effort, so far as revealed by the available record, did not result in a waiver of the payment of such fees. All the evidence indicates that the filing of the transcript was delayed solely because of appellant's failure to pay the fees.

Appellant next contends that the appeal bond, in this case a cash bond of $200, should have been used to pay the fee. This argument is likewise without merit. Section 30-1603 provides that the bond shall be used to "pay all debts, damages and costs that may be adjudged" against the appellant. It is a cardinal principle that statutes pertaining to the same subject should be construed together as if they were one law, and effect given to every provision; and that absent evidence of clear legislative intent, the court should not give an interpretation to a statute which would have the effect of nullifying another statute. Livestock Carriers Div. of M. C. Assn. v. Midwest Packers Traf. Assn., 191 Neb. 1, 213 N. W. 2d 443 (1973). If the cash bond were intended to be available for the payment of the transcript fees, the provision of section 30-1605 requiring the county court to transmit the transcript to the clerk of the District Court "on payment of his fees therefor" would become a nullity and totally superfluous in the many cases where the county court's fee is less than the bond on deposit. We also point out that the "debts, damages and costs" covered by the bond under section

30-1603 are not those assessed by the county court. Those are settled before an appeal may be pursued. Section 30-1603 refers to the costs imposed by the District Court in disposing of the case.

In conclusion, we find the record in this case does not establish that a waiver of fees was customary in the county court of Lancaster County, nor was appellant's attorney informed that the transcript would be filed without advance payment. Nor does there appear to be any evidence of negligence on the part of the county judge or of the county court's employees that would mandate measures to mitigate the admittedly harsh results of a loss of an appellant's hearing. There is evidence in the record from which the District Court could properly conclude in this case that the employees and agents of appellant's attorney were notified of the necessity of paying the fee before the transcript would be transmitted. The attorney is chargeable with this notice under fundamental rules of agency. See Restatement, Agency 2d, § 9(3), (1958).

In this case the transcript was not filed in the District Court within 40 days from the decision of the county court, and no legal excuse appears. Therefore the District Court did not have jurisdiction of the appeal, and properly dismissed it upon motion. We affirm the order of the District Court dismissing appellant's appeal to that court.

AFFIRMED.