CRAVENS, ASSIGNEE, *v.* CHAMBERS ET AL.

SUPREME COURT.—*Appeal.*—*Statute Construed.*—Section 20 of "An act providing for voluntary assignments," etc., approved March 5th, 1859, 1 R. S. 1876, p. 142, does not, of itself, authorize the taking of an appeal to the supreme court.

SAME.—*Judgment.*—*Assignment for Benefit of Creditors.*—*Report of Assignee.*— The action of the circuit court in refusing to allow or approve a report, by the assignee of the property of an insolvent debtor, of the condition of his trust, is not a final judgment, nor an interlocutory order, from which an appeal will lie to the supreme court.

From the Ripley Circuit Court.

*E. P. Ferris,* for appellant.

*J. D. Haynes* and *J. K. Thompson,* for appellees.

WORDEN, C. J.—Cravens, the appellant, was the assignee in insolvency, of the property of Levi P. Faulkner, for the benefit of his creditors. He made a report, as such assignee, of the condition of the estate, according to which there appeared to be a balance in his hands of two hundred and twenty-four dollars and twenty-four cents, subject to such allowances as might be made to him thereafter.

Some of the creditors filed exceptions to the report, and the exceptions were sustained by the court, and the court refused to allow and approve the report. The assignee excepted, and has appealed to this court.

The question that meets us at the threshold is, whether an appeal lies to this court in such case.

The 20th section of the act on the subject of volun-

tary assignments for the benefit of creditors (1 R. S. 1876, pp. 142-147,) provides, that "Nothing in this act contained shall prevent any party or parties, who shall deem himself or themselves aggrieved by any order or decree of the court under this act from having an appeal as in other civil actions."

This section does not give an appeal, of itself, but, out of caution, provides that nothing in the act contained shall prevent an appeal "as in other civil actions." We must, therefore, determine whether in civil actions an appeal lies in such case.

An appeal in civil actions lies from all final judgments. 2 R. S. 1876, p. 238, sec. 550. But this was not a final judgment. It was merely an interlocutory order sustaining the exceptions to the report, and refusing to allow and approve the same.

Appeals also lie from interlocutory orders, in the following cases:

"*First.* For the payment of money; to compel the execution of any instrument of writing, or the delivery or assignment of any securities, evidences of debt, documents or things in action.

"*Second.* For the delivery of possession of real property, or the sale thereof.

"*Third.* Granting or dissolving, or overruling motions to dissolve, an injunction in term, and granting an injunction in vacation.

"*Fourth.* Orders and judgments upon writs of *habeas corpus,* made in term or vacation." 2 R. S. 1876, p. 245, sec. 576.

The order in this case is not embraced in the above specifications, and the appeal, in our opinion, does not lie.

The appeal is dismissed, with costs.