No. 10,497.

## ALDERMAN v. COBB.

From the Allen Circuit Court.

*S. E. Sinclair* and *H. C. Hanna*, for appellant.
*R. S. Robertson* and *J. B. Harper*, for appellee.

HOWK, C. J.—The only error assigned by the appellant, upon the record of this cause, is the overruling of his motion for a new trial. The only cause for such new trial relied upon, in argument, by the appellant's counsel for the reversal of the judgment, is alleged misconduct of the jury, in this: That two jurors, "whose names are unknown to this defendant," were sleeping during the trial and the argument of the cause.

This is the second statutory cause for a new trial, and must be sustained by affidavit showing its truth. Sections 559 and 562, R. S. 1881. It appears from the transcript, that the appellant did file his own affidavit, in support of this cause for a new trial. But the affidavit was not made a part of the record, either by a bill of exceptions or by an order of court. Therefore, the affidavit is not properly in the record, and can not be considered here. This is settled by many decisions of this court. *Fryberger* v. *Perkins*, 66 Ind. 19; *Williams* v. *Potter*, 72 Ind. 354; *Iles* v. *Watson*, 76 Ind. 359.

We find no error in the record.

The judgment is affirmed with costs.

Filed April 19, 1884.

————◆————

No. 11,441.

## HOPKINS v. GOEBEL ET AL.

From the Washington Circuit Court.

*D. M. Alspaugh* and *J. C. Lawler*, for appellant.
*A. B. Collins* and *F. L. Prow*, for appellees.

BLACK, C.—The appellant, to whom William F. Alexander and William R. Logan, partners, had assigned their property in trust for the benefit of their creditors, made a report, not a final one, as such assignee, to which the appellees, creditors of the assignors, filed exceptions, which were in part sustained and in part overruled.

The clerk's entry states that the appellant excepted to the ruling so far as it sustained the exceptions, and that the appellees excepted to the ruling so far as it was adverse to them. The appellant filed a motion for a new trial, which was overruled, whereupon he appealed to this court, assigning as error the overruling of his motion for a new trial. The appellees have assigned as a cross error the overruling of their exception to the report so far as it was overruled.

There was no final judgment, and there was no interlocutory order from which an appeal would lie. Under the decision in *Cravens* v. *Chambers*, 55 Ind. 5, this court has not jurisdiction, and the appeal should be dismissed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the appeal be dismissed, at the appellant's costs.

Filed April 17, 1884.