MILES MUCHA, APPELLANT, V. MORRIS & COMPANY,
APPELLEE.

FILED OCTOBER 4, 1920.  No. 21391.

Master and Servant: AWARD OF COMPENSATION: APPEAL: NOTICE:
WAIVER.  The notice required to be filed with the compensation
commissioner within seven days after an award (Laws 1917, ch.
85, sec. 29, subd.*g*) is intended to give information of the appeal
to the opposing party, and may be waived by him, where the
petition for review is filed in the district court within the time re-
quired by law.

APPEAL from the district court for Douglas county:
GEORGE A. DAY, JUDGE.  *Reversed.*

*Anson H. Bigelow,* for appellant.

*James C. Kinsler, contra.*

FLANSBURG, J.
Action under the workmen's compensation law. Plain-
tiff, who had sustained personal injuries, was given an
award of compensation by the compensation commissioner
on December 6, 1918.  On December 16, 1918, he filed a
petition in the district court to review the award.  The
district court dismissed the petition on the ground that
plaintiff had not filed notice of intention to appeal, as re-
quired by subdivision *g,* sec. 29, ch. 85, Laws 1917, which
reads: "Every order and award of the compensation com-
missioner shall be binding upon each party at interest un-
less notice of intention to appeal to the district court has
been filed with the compensation commissioner within
seven days following the date of rendition of the order or
award:  Provided, that the order and award shall be bind-
ing and final, notwithstanding notice of intention to ap-
peal has been filed within the time limit, until the appeal
has been perfected and service had upon the opposite party
or parties."
Plaintiff contends that the filing of notice was waived
by defendant's attorney, both orally within the seven-day

Mucha v. Morris & Co.

period and by a written voluntary appearance of the defendant filed in the district court on December 19, 1918, reciting that "defendant hereby waives summons and voluntarily agrees to appear in the above-entitled action." Whether or not there was any conversation whatsoever during the seven-day period purporting to be a waiver of notice is directly disputed in the testimony. That was a question of fact for the trial court and will therefore not be further considered here. The only question now presented is whether or not the written voluntary appearance filed in the district court was a waiver of the filing of notice with the compensation commissioner.

The statute of 1917 did not limit the period for the filing of the petition for review in the district court to seven days, as it does now. Laws 1919, ch. 91, sec. 5. It is not urged that the petition on appeal was filed out of time. The appeal was in every particular, except the filing of the notice with the compensation commissioner, completed within the time required by law. The case of *Jefferson Hotel Co. v. Young*, 121 N. E. (Ind. App.) 94, differs in that regard from the one before us.

The provision for the filing of notice with the compensation commissioner was for the purpose of giving the adverse party knowledge of the appeal. Upon the filing of such notice, no further duty devolved upon the compensation commissioner. The filing of such notice did not affect the award; on the other hand, the award continues to be binding until the appeal is perfected and service had. It is apparent that such notice is for the benefit of the opposing party, and in such cases it is generally held that the party for whose benefit the provision is made may waive the giving of the formal notice, and that this may be done by a voluntary appearance in the court where the appeal is lodged. 3 C. J. p. 1240, sec. 1343, p. 1241, sec. 1345. That rule is in line with the holdings of our court. *Shold v. Van Treeck*, 82 Neb. 99; *McDonald v. Penniston*, 1 Neb. 324; *Haylen v. Missouri P. R. Co.*, 28 Neb. 660; *State v. Shrader*, 73 Neb. 618.

It is our opinion that the district court had jurisdiction of the subject of the action, given by statute by the timely filing of the petition for review, and that the voluntary appearance filed in the case conferred upon the court jurisdiction of the person of the defendant.

The judgment of the lower court is reversed and the cause remanded for further proceedings.

REVERSED.

DAY, J., not sitting.