EARL J. KEIL, APPELLEE, V. FARMERS IRRIGATION DISTRICT, APPELLANT.

FILED MARCH 28, 1930. No. 27191.

*Raymond & Fitzgerald,* for appellant.

*Mothersead & York* and *Yale H. Cavett,* contra.

HEARD before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ.

EBERLY, J.

This action was originally an appeal to the district court from the award of the compensation commissioner. Special appearance of the plaintiff (employee) was made and sustained in that court, and the defendant's (employer's) appeal to the district court was dismissed by that court without a hearing on the merits. From the order of dismissal the defendant appeals to this court.

It appears from the record that the hearing in this case before the compensation commissioner was determined on the 27th day of March, 1929; that notice of appeal from this award was duly given and the petition in due form was filed in the district court for Scotts Bluff county on the 3d day of April, 1929. On the same day summons was issued by the clerk of the district court, which fixed the 14th day of April, 1929, as the return day and the 9th day

of May, 1929, as the answer day for the employee, and that the sheriff of said county received the writ on the 4th day of April, 1929, and served it on the 12th day of April, 1929; that thereafter on the 8th day of May, 1929, there was filed in said cause a special appearance objecting to the jurisdiction of the district court therein for the following reasons, to wit:

"(1) No proper service of summons hath been had upon this plaintiff on said appeal, in that the purported summons issued in said case on the 3d day of April, 1929, makes the return day therein on the 15th day of April, 1929, instead of the 7th day of April as required by law, and makes the answer day therein on the 9th day of May, 1929, instead of April 14, 1929. (2) No copy of the petition of the defendant, Farmers Irrigation District, on said appeal was served with said summons as by law required."

On the 20th day of June, 1929, the employer, Farmers Irrigation District, by written motion, moved the court to permit and direct the amendment of the summons issued and served herein by correcting the mistake of the clerk by the insertion of the true and correct date for the return of said summons and the insertion of the true and correct date of answer day therein, and to attach a copy of the petition to conform to statute. Thereafter on the 20th day of June the motion of the Farmers Irrigation District to amend the summons issued and served herein was overruled, and the special appearance was sustained and the appeal of the employer thereupon dismissed and alias summons denied. The employer now presents this action on the part of the trial court as error.

This action arises under the Nebraska workmen's compensation law. Under section 3062 of that act, procedure in cases of dispute, so far as pertains to the matter before us, is as follows: "In case either party refuses to accept the recommendations or awards of the compensation commissioner, either party may submit to the district court a verified petition, setting forth the names and residences of the parties and facts relating to the employment at the

time of the injury, the injury in its extent and character, the amount of wages being received at the time of the injury, the knowledge of or notice to the employer of the occurrence of said injury, and such other facts as may be necessary for the information of the court, and also stating the matter or matters in dispute and the contention of the petitioner with reference thereto. Upon the filing of such petition a summons shall issue and be served upon the adverse party, *as in civil causes,* together with a copy of the petition. Return of service shall be made within four days from the issuance of the summons. Within seven days after the return day of such summons the party upon whom the same is served shall file an answer to said petition," etc., and thereupon after compliance with this statute such cause shall be for trial in the district court.

It is also to be noted that the statutory designation of this proceeding in the district court is "an appeal," it being provided by section 3080, Comp. St. 1922, that the award made by the compensation commissioner shall be final, "unless notice of intention to appeal to the district court has been filed with the compensation commissioner within seven days following the date of rendition of the order or award: Provided, that the order and award shall be binding and final, notwithstanding notice of intention to appeal has been filed within the time limit, until the appeal has been perfected and service had upon the opposite party or parties."

With reference to the filing of the statutory notice of appeal with the compensation commissioner, which is not questioned in the instant case, Flansburg, J., in *Mucha v. Morris & Co.,* 105 Neb. 180, says: "The provision for the filing of notice with the compensation commissioner was for the purpose of giving the adverse party knowledge of the appeal. Upon the filing of such notice, no further duty devolved upon the compensation commissioner. The filing of such notice did not affect the award; on the other hand, the award continues to be binding until the appeal is perfected and service had. It is apparent that such notice is for the benefit of the opposing party; and in such cases it is

generally held that the party for whose benefit the provision is made may waive the giving of the formal notice, and that this may be done by a voluntary appearance in the court where the appeal is lodged. * * * It is our opinion that the district court had jurisdiction of the subject of the action, given by statute by the timely filing of the petition for review, and that the voluntary appearance filed in the case conferred upon the court jurisdiction of the person of the defendant." In *Mauck v. Brown,* 59 Neb. 382, 396, quoting section 98, ch. 26, Comp. St. 1899: "The party against whom judgment is rendered in cases tried in the county and district court may appeal to the district or supreme court"—the court held that "appeal" was used in its distinctive and technical sense, and not in a general sense, and the reasoning of that case seems in point in the present case. We cannot therefore accept the contention of the appellee that the proceeding before us is other than an appeal in the distinctive sense of that term, as it comports not only with the terms of the statute considered with reference to their context, but also when considered with reference to the actual proceedings had in the superior courts to which such appeal lies. On this basis the question presented is: Was the action of the district court in refusing permission to make the amendments applied for and dismissing the appeal error?

It must be conceded that the proceedings before us evidence a *bona fide* attempt on part of the litigant to exercise the constitutional right "to be heard in all civil cases in the court of last resort, by appeal, error, or otherwise." The simple mandate of the Constitution is that this right "shall not be denied." So far as the party appealing is concerned, the compensation act under consideration contains but two requirements as to appeals: First, the giving of notice of appeal; and, second, the filing of a prescribed petition within a prescribed time. It seems admitted in the record that these requirements were substantially performed. The terms of this act under consideration impose on the clerk of the district court upon the filing

of such petition, as an official duty, to issue summons in terms as prescribed in the act, which shall be served "as in civil causes, together with a copy of the petition." It must be conceded that the clerk of the district court in the performance of this official duty is not in any manner under the direction or control of the litigant. In the instant case this official erred and failed to comply with the statutory directions relative to the summons he issued, and because thereof the court dismissed the action, and thus in fact denied the right of appeal. Is this act justifiable?

This court is committed to the doctrine that the right of appeal is a substantial one to be sustained if possible, and equitable relief in the form of a new trial will be granted where a suitor without fault or laches on his part is deprived of some essential to review. *Norfolk Packing Co. v. American Ins. Co.,* 116 Neb. 118.

Under the provisions of sections 1, 2, and 5, ch. 47, Laws 1881, entitled "An act providing for an appeal from the decision of the county court in certain matters," prescribing that the county judge shall transmit to the district court a transcript of his proceedings within ten days after an appeal from an order in probate is perfected, it was held that, where a party has within due time done all that is legally required to perfect the appeal, the district court does not lose jurisdiction of the appeal by reason of its being filed six days late. *Drexel v. Reed,* 69 Neb. 468, 65 Neb. 231; *Cheney v. Buckmaster,* 29 Neb. 420. It would seem that to deny the right of appeal in the instant case wholly because of an official error of the clerk of the court when the appellant "has, within due time, done all that is legally required to perfect an appeal" is hardly consistent with the basic principle which the case last above cited proclaims. However, the record in the case presents other matters for our consideration.

The language of the statute involved (Comp. St. 1922, sec. 3062) is already quoted. By its terms, "upon the filing of such petition a summons shall issue and be served upon the adverse party, as in civil causes, together with a copy

of the petition." The reference to the Civil Code is manifest. So far as applicable to the transaction, and not inconsistent with the workmen's compensation act, by the language quoted, the terms of this Civil Code must be considered as part of the statute. The word "as" when used in this connection is defined: "Similar to;" "of the same kind;" "in the same manner;" and "in like manner." 5 C. J. 597. The following phrases similar in import to these controlling statutory words have received judicial interpretation. In *Brownfield v. Weicht,* 9 Ind. 394, 396, where in construing a statute providing that a copy of the order of sale and judgment shall be issued, etc., to the sheriff, who shall thereupon proceed to sell the mortgaged premises, or so much thereof as may be necessary to satisfy the judgment, interest, and cost, *as upon execution,* the court said: "It seems to us that the phrase, 'as upon execution,' plainly shows a legislative intention that the law regulating sales on execution should apply to, and in all respects govern, sales under a decree of foreclosure." Also the phrase, "as in other civil actions," was before the supreme court of Indiana in *Cravens v. Chambers,* 55 Ind. 5, and they held that 1 Rev. St. 1876, pp. 142, 147, sec. 20, providing that in voluntary assignment no party aggrieved shall be deprived from having an appeal as in other civil actions, does not give the appeal of itself, but merely provides that nothing in the act contained shall prevent the appeal "as in other civil actions," and therefore whether the appeal lies depends on whether in civil actions the appeal lies in the case.

It is thought that the statutory language under consideration, "as in civil causes," forming a part of section 3062, Comp. St. 1922, is synonymous with and the exact legal equivalent of "as in other civil actions." It is to be remembered that our Civil Code has abolished distinctions between actions at law and suits in equity and in lieu thereof has ordained that there shall be but one form of action which shall be designated "a civil action." Comp. St. 1922, sec. 8503. A civil action is commenced by filing in the of-

fice of the clerk of the proper court a proper petition and causing a summons to issue thereon. Comp. St. 1922, sec. 8567. "An action shall be deemed commenced, * * * as to the defendant, at the date of the summons which is served upon him." Comp. St. 1922, sec. 8523. The requisites of a summons in civil actions is provided for in section 8569, Comp. St. 1922. "Whenever the time for bringing parties into court is not fixed by statute," the time, and the issuance, service, and return of summons, is regulated by sections 8571, 8582. In connection with the Civil Code provisions relative to the issuance and service of summons, and by this court construed as applicable thereto, and indeed as a real part thereof, is section 8656, Comp. St. 1922, a part of the Code of Civil Procedure, providing: "The court may, either before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any * * * process, or proceeding, by adding or striking out the name of any party or by correcting a mistake in the name of the party, or a mistake in any other respect, or by inserting other allegations material to the case. * * * And whenever any proceeding taken by the party fails to conform, in any respect, to the provisions of this Code, the court may permit the same to be made conformable thereto by amendment." Section 8657, Comp. St. 1922, provides: "The court in every stage of an action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party." It seems but logical to state as the conclusion that the words "as in civil causes," as employed in the compensation act, plainly evidence a legislative intent that the provisions of the Code of Civil Procedure relating to summons shall, except when inconsistent with the specific provisions therein, apply to and in all respects govern procedure under the compensation act.

The analysis of the objections sustained by the district court in the present case discloses that they are essentially two; first, that the summons issued and served was defective in that there was a misstatement as to the return and

answer day as fixed by the workmen's compensation act; and, second, that no copy of the petition was served therewith. In view of the statutory provisions quoted, it is considered that the same rule of amendments applicable to actions under the Civil Code is applicable to the present situation. The matter of erroneous answer and return days was before this court in *Barker Co. v. Central West Investment Co.*, 75 Neb. 43, and the rule announced was: "Where a mistake is made in the date of the return and answer days of a summons, the same may be amended by the district court, even after objections to the jurisdiction of the court are pending based upon that particular defect." The reasoning of Letton, C., author of the opinion, is applicable and controlling in this case. It follows therefore that the errors contained in the summons issued and served under the terms of section 3062, Comp. St. 1922, were subject to amendment, and in so far as the errors appearing in such summons are concerned the action of the trial court in denying the application to amend was erroneous.

Was the failure to serve a copy of the petition jurisdictional? The language of section 3080, Comp. St. 1922, does not in express terms so declare. Indeed, by express reference, as we have seen, the compensation act incorporates within itself the provisions of the Civil Code relating to the issuance and service of summons, and thereby adopts these provisions as applicable to, and in all respects governing, its procedure. Under the Civil Code jurisdiction attaches on service and return of summons. There is no other jurisdictional requirement. By reference these Code provisions are embodied in the compensation act and are controlling, unless the added words, "together with a copy of the petition," are inconsistent with the language of the Civil Code. But such is not the case, for they may be construed together and harmonized. The words last quoted then become "directory" in character, at least not mandatory in the sense of jurisdictional. This construction, it seems, would be necessitated by the fact that the entire proceeding, as we have already seen, is appellate in its char-

acter. And it relating to one of the necessary steps to the exercise of a substantial right conferred by the Constitution itself, judicial discretion should be exercised to promote rather than to defeat this end. It would seem therefore that the district court, in sustaining the special appearance and in denying the application to amend, committed reversible error. The judgment is therefore reversed and the cause remanded, with dirctions to permit the amendments applied for.

REVERSED.