ARZA MCINTOSH, APPELLANT, V. STANDARD OIL COMPANY, APPELLEE.

FILED APRIL 17, 1931. No. 27760.

*H. L. Lehman* and *Butler & James*, for appellant.

*William H. Herdman, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

EBERLY, J.

This is an appeal from a decision of the district court for Hitchcock county in a workmen's compensation case, sustaining a challenge of the defendant Standard Oil Company to the jurisdiction of that court "over its person and over the subject-matter of this appeal."

The following are the facts. On May 10, 1930, the compensation commissioner entered an order, after hearing and appearance of parties, dismissing plaintiff's claim for compensation. On May 17, 1930, the plaintiff filed his notice of appeal therefrom. Five days later he also filed his petition on appeal in the district court for Hitchcock county. He filed no præcipe, however. On August 18,

1930, summons was issued by the clerk of the district court, which two days later was served on the defendant. On August 29, following, defendant filed its special appearance challenging the jurisdiction of the court on the ground that the appeal was not perfected within the time fixed by law, for that no summons was issued on the petition filed in the district court within the time required by law. In its brief the defendant elaborates the basis of its contention, including therein the failure of plaintiff to "file a præcipe for, or cause issuance of, summons out of the district court in which petition is filed, within fourteen days from the date of the order" appealed from, and that "no summons was issued out of the district court until one hundred days from the date of order." The defendant states the precise question involved herein is: "When is an appeal from the order of the compensation commissioner perfected?" The following quoted from its brief fairly, clearly and succinctly represents its position.

"The filing of the petition on appeal in the district court was no mandate, under statute or otherwise, to the clerk of the district court to issue a summons. Likewise the clerk of the district court is without right or authority to issue a summons *sua sponte.* This is so because of section 9503, Comp. St. 1922. * * * The language of the statute is plain. Not only is the clerk without right or power to issue process of any kind upon his own motion, but such issuance is prohibited, unless 'a præcipe shall be filed with the clerk demanding the same.' So that, in this case, in perfecting his appeal, plaintiff was required to file with the district clerk a præcipe demanding the issuance of a summons on the petition. There is no pretense in this case that any such præcipe was filed. Indeed, there is no pretense that even an oral demand was made on the clerk to issue a summons. Hence, the failure to issue a summons 'upon the filing of the petition' was the fault of plaintiff, and not of the district clerk. Had plaintiff filed such præcipe, or possibly made oral demand on the clerk for the issuance of same, and the clerk failed to issue the summons, plaintiff having done in due

time all that was legally required of him to perfect his appeal, the court, within the doctrine announced in *Drexel v. Reed,* 69 Neb. 468, and *Drexel v. Rochester Loan & Banking Co.,* 65 Neb. 231, and other cases, would have sustained the appeal, because the fault and omission was' that of the clerk of the court, and not of the plaintiff. But that is not the case. Here the plaintiff was at fault in that he failed to do and perform that which the statute required of him in order to perfect his appeal."

The plaintiff, in reply to this contention, insists that he had in this proceeding, in due time, done all that was legally required of him to perfect the appeal, and that therefore his case falls within the scope of the decisions referred to in the above quoted portion of defendant's brief. It may further be said that plaintiff insists that the principle announced in the case of *Keil v. Farmers Irrigation District,* 119 Neb. 503, is controlling. In view of the facts involved, we are inclined to accept the view, for the purpose of this case at least, that the proper application of the principles announced in the *Keil* case to the present contention would not extend its doctrine beyond the scope of the admission contained in the defendant's brief above quoted.

As to the case of *Lincoln Drug Co. v. Davidson,* No. 24-836, on which the defendant relies, it may be said that this court can give no consideration whatever to the latter in the instant case. It is a commission opinion. "Under the statute providing for the appointment of a supreme court commission, the decisions of such commission 'shall establish no precedent and be authority only in the particular case.'" *Burkamp v. Roberts Sanitary Dairy,* 117 Neb. 60.

A careful consideration of the provisions of the statutes referred to by the defendant, we feel, when properly construed, does not sustain its contention. The following are the provisions of statutes which defendant insists are pertinent and control the issues herein: Section 48-137, Comp. St. 1929, provides: "All disputed claims for compensation or for benefits under this article must be submitted to the compensation commissioner for an award.

If either party at interest is dissatisfied with the award of the compensation commissioner, then the matter may be submitted to the district court of the county in which the accident occurred: * * * *Provided, however, if either party appeals from the award of the compensation commissioner notice of the appeal shall be given to the commissioner and the petition on appeal filed in the district court within fourteen days from the date of the award.*" It will be noted, however, that, if this section be taken as defining the right of appeal, but two things are made essential to the jurisdiction of the district court attaching thereto: First, the notice of appeal filed with the compensation commissioner; and, second, the filing of the petition on appeal in the district court within 14 days from the date of the award. Flansburg, J., in discussing this provision in *Mucha v. Morris & Co.*, 105 Neb. 180, makes use of the following language: "The provision for the filing of notice with the compensation commissioner was for the purpose of giving the adverse party knowledge of the appeal." The defendant also cites section 48-139, Comp. St. 1929, and quotes therefrom. In this respect we will extend the quotation made by defendant so as to include the commencement and termination of the section now under consideration. Its language is as follows: "Procedure in cases of dispute shall be as follows: Either party may file with the compensation commissioner a verified petition setting forth * * * *Upon the filing of such petition a summons shall issue and be served upon the adverse party, as in civil causes, together with a copy of the petition.* * * * In case either party refuses to accept the recommendation or awards of the compensation commissioner, either party may submit to the district court a verified petition, setting forth * * * *Upon the filing of such petition a summons shall issue and be served upon the adverse party, as in civil causes, together with a copy of the petition.* * * * Any appeal from such judgment (of the district court) shall be prosecuted in accordance with the general laws of the state regulating appeals and actions at law except that such appeal shall be perfected within

thirty days." The statute fairly implies that the procedure of appeal from the district court to the supreme court shall be governed and controlled by "the general laws of the state regulating appeals." But this reference is expressly made with reference to that limited procedure only. It had no possible application to the proceedings before the compensation commissioner, or to appeals from his tribunal to the district court.

It is quite obvious, therefore, that the issue here presented is to be determined by the provisions of the Nebraska workmen's compensation law. This legislation was originally enacted as chapter 198, Laws 1913, and under the following title: "An act prescribing the liability of an employer to make compensation for injuries received by an employee in the course of employment. Modifying common law and statutory remedies, in such cases. Establishing an elective schedule of compensation. *Regulating procedure for the determination of liability* and providing methods for payments of compensation thereunder. Repealing all acts and parts of acts in conflict herewith." This legislation has by universal acceptance been construed by this court as an independent enactment, substantially complete within itself, and not in any sense amendatory of previous legislation. Indeed, considering it as a strictly remedial statute, this court has heretofore announced as a general rule of construction applicable to it: "The workmen's compensation act 'is one of general interest, not only to the workman and his employer, but as well to the state, and it should be so construed that technical refinements of interpretation will not be permitted to defeat it.'" *Speas v. Boone County,* 119 Neb. 58; *Baade v. Omaha Flour Mills Co.,* 118 Neb. 445. Construing the act referred to with reference to its title, it will be noted that the words, "regulating procedure for the determination of liability and providing methods for payments of compensation thereunder," appearing in the title, suggest that the authority to regulate includes the power to control. Justice Maxwell in construing the word "regulate," as used in the title of an enactment, in *State v. Ream,* 16

Neb. 681, 683, states: "Webster defines the word 'regulate' as 'to adjust by rule, method, or established mode; to direct by rule of restriction; to subject to governing principles or laws.' The definition of the word 'govern,' one of the synonymns, he gives: '1. To direct and control, etc. 2. To regulate; to influence; to direct; to restrain; to manage; as to govern the life or passions; to govern the motion of the ship,' etc. Thus it is seen the word 'regulate' includes in its meaning the power to control." The meaning of the term "regulate" is not limited to the imposition of restrictions, but "is of far broader meaning, and includes all direction by rule of the subject-matter." *Newark v. Mount Pleasant Cemetery Co.*, 58 N. J. Law, 168, 172.

An examination of the workmen's compensation act as an entirety justifies the conclusion that the statute specifically defines rights and liabilities created thereby, both as to those within its scope that assent to its terms, and those who elect not to take advantage of its provisions. As to the former class, the provisions of part II of our workmen's compensation act contemplate recourse to the remedies expressly provided by the act. This situation is not forced upon the employer or the employee, but it results from their implied or express acceptance of its provisions. Indeed, all or either of the parties may avoid its provisions entirely by taking the necessary steps prescribed therein. However, by affirmatively electing to come within its provisions, or by failure to take steps to obviate its provisions, the employer and the employee are under the provisions of part II of the act, and may indeed be said to have stipulated as to the rights and remedies therein set forth, including the procedure to be followed as the exclusive means of their enforcement. *Nosky v. Farmers Union Cooperative Ass'n*, 109 Neb. 489. Indeed, this court has early affirmed this general doctrine as applicable to a similar situation in the absence of any express statutory provision relating to it. In *Tecumseh Town Site Case*, 3 Neb. 267, we held: "Where a statute, which confers the means of acquiring a right, prescribes

an adequate special mode of determining, by a judicial investigation, the fact upon which the right depends, that mode is exclusive." See, also, *Richards v. County Commissioners,* 40 Neb. 45; *Fitzgerald v. Fitzgerald & Mallory Construction Co.,* 41 Neb. 374, 471. In *Keith & Barton v. Tilford,* 12 Neb. 271, 273, Cobb, J., says in the opinion: "Where a statute confers a right and prescribes adequate means of protecting it, the proprietor of the right is confined to the statutory remedy." In addition to this, it seems by the terms of the statute the assent or agreement or election of the party to be bound by its terms expressly makes its remedies and procedure prescribed exclusive. Section 48-111, Comp. St. 1929, provides: "Such agreement or the election hereinafter provided for shall be a surrender by the parties thereto of their rights to any other method, form or amount of compensation or determination thereof than as provided in part II of this article (48-109 to 48-115)." See *Navracel v. Cudahy Packing Co.,* 109 Neb. 506.

The conclusion follows that in compensation cases under our statute, in the absence of a contrary legislative intent expressly set forth therein, there is no right not in this statute expressly conferred, no remedies not therein defined, and the parties are necessarily limited to the adjective procedure either expressly or by necessary implication therein set forth.

In the light of these principles of interpretation, we will proceed to the consideration of the other paragraphs of the statute upon which the defendant relies. In addition to those heretofore set forth, it cites paragraph (g) of section 48-157, Comp. St. 1929, which is as follows: "Every claim for benefits under the provisions of * * * (48-101 to 48-161) * * * may be presented to the compensation commissioner for adjudication and an order and an award. * * * Every order and award of the compensation commissioner shall be binding upon each party at interest unless notice of intention to appeal to the district court has been filed with the compensation commissioner within seven days following the date of rendition

of the order or award: Provided, that the order and award shall be binding and final, notwithstanding notice of intention to appeal has been filed within the time limit, until the appeal has been perfected and service had upon the opposite party or parties."

And appellee also cites section 20-2204, Comp. St. 1929, which is: "All writs and orders for provisional remedies and process of every kind, shall be issued by the clerks of the several courts. Before they shall be issued a præcipe shall be filed with the clerk, demanding the same; which præcipe shall be for the direction of the clerk, and not material to the papers in the case after the issuing of such writ or process."

Two observations may be suggested by the language employed in section 48-157, Comp. St. 1929: First, there is no reference to a "time limit" except in connection with the filing of notice of appeal; second, the language used expressly differentiates between the perfection of the appeal and the "service had upon the opposite party or parties." The language employed is incapable of being construed to mean "until the appeal has been perfected and service had upon the opposite party or parties," but the perfection of the appeal and the service are each unconnected, separate, and distinct. In view of the other provisions heretofore quoted, it would seem logical that the writers of the statute had in mind the perfection of the appeal by the filing of the petition, and thus completed prior to the issuance and service of the summons. Nor are we impressed with the view that appellee's contention finds support in the provisions of section 20-2204, Comp. St. 1929, above quoted.

Sections 20-2215, 20-2226, 20-2219, Comp. St. 1929, by their terms, are also, it seems, applicable to the matter before us. The first of the Code provisions last referred to reads as follows: "The clerk of each of the courts shall exercise the powers and perform the duties conferred and imposed upon him by other provisions of this Code, by other statutes, and by the common law." Section 20-2226 provides: "Where, by general or special statute,

a civil action, legal or equitable, is given and the mode of proceeding therein is prescribed, this Code shall not affect the proceedings under such statute, until the legislature shall otherwise provide; but in all such cases," etc. Then, by section 20-2219, it is further provided, with reference to our civil procedure: "Its provisions and all proceedings under it shall be liberally construed, with a view to promote its object and assist the parties in obtaining justice."

It would seem beyond question that the provisions last referred to, construed in connection with section 20-2204, Comp. St. 1929, would result in the conclusion that it is obvious that the workmen's compensation enactment may properly be deemed to be "other statutes" contemplated by the provisions of section 20-2215, Comp. St. 1929, and that the "powers" and "duties" required to be exercised by the provisions of the compensation act may, and do, impose upon the clerk of the district court the duty to issue process with no other prerequisite than those expressed and contained in the workmen's compensation act, viz., the filing of the petition. It would follow, therefore, that the provisions of the Code requiring as a prerequisite the filing of a præcipe have no application to the situation before us. But also a careful reading of section 48-139, Comp. St. 1929, considered as providing procedure in cases of dispute, sustains the conclusion that it implies but a single prerequisite to the issuance of the summons, viz., "the filing of such petition." In the district court no other duty than to file his petition is imposed by its terms upon the moving party. Even if we apply the words "as in civil causes" to both the issuance and service of summons, the conclusion stated is still unaffected. It is to be remembered that the language "as in civil causes" does not of itself necessarily imply "civil causes in the district court," for we have civil causes before justices of the peace, as well as within the justice's jurisdiction of the county court, and in neither of these is there a statutory requirement that a præcipe be filed prior to the issuance of summons. If we proceed further and consider the sentences quoted in connection with section 48-139, of which

they form a part, we reach no other or different conclusion. We find this sentence twice employed in this section, in exact terms and applicable to a similar subject-matter; once in connection with the commencement of the proceedings before the compensation commissioner, and once as applicable to an appeal to the district court. In the first instance the power it creates and the duty it enjoins arise when a dispute arises and the action is first commenced, and in the second instance after determination in the first tribunal, "in case either party refuses to accept the recommendation or awards of the compensation commissioner." There can be no question but what the practice which prevails in that initial tribunal, and has so prevailed ever since the enactment of the statute under consideration, has been that no præcipe is necessary.

Not only this fact but other cognate provisions of the compensation act justify this conclusion. For instance, under the Civil Code the statute of limitations is not tolled by the commencement of a civil action only from the date of a summons served on the defendant, but section 48-138, Comp. St. 1929, of the workmen's compensation act provides: "In case of personal injury, all claim for compensation shall be forever barred unless, within one year after the accident, * * * one of the parties shall *have filed a petition* as provided in section 3680 (48-139) hereof." The absence of the Civil Code requirement of service of summons to toll the statute is evidently not the result of a mere accident, but is a plainly expressed legislative intent.

So, too, this conclusion is entirely consistent with the identical language appearing in the second proviso attached to section 48-137, Comp. St. 1929, relative to notice and filing of petition on appeal within fourteen days, etc. As we proceed to the second use of this identical sentence in section 48-139, Comp. St. 1929, where it is applied to the method of accomplishing an appeal to the district court, it is to be noted that the object sought to be attained is identical with the requirements following the use of this language as applied to the compensation commissioner,

and there is no difference indicated as to the acts to be performed.

In view of the independent nature of the act we are considering, and the fact that it is deemed complete within itself, there can be no justification for determining that identical words thus used in the same paragraph of this act are to be given a construction which would cause them to mean one thing when first used and an entirely different mandate when employed a second time. There would be no justification to read into either of these sentences any implied conditions not expressed within the plain words of the act before us. Indeed, to create or raise conditions unexpressed by use of construction would violate the fundamental principle announced in this court, and would, in effect, be a palpable violation of the rule that the act "should be so construed that technical refinements of interpretation will not be permitted to defeat it."

The words, "a summons shall issue and be served upon the adverse party, as in civil causes," must be construed solely with reference to the terms of the compensation act, and particularly with reference to the language employed in the section in which it is found. In this connection it is to be remembered that the word "issue," in relation to process, has acquired a definite meaning. "It means going out of the hands of the clerk, expressed or implied, to be delivered to the sheriff for service." *Webster v. Sharpe,* 116 N. Car. 466, 471. "A writ or notice is 'issued' when it is put in proper form and placed in an officer's hands for service." *Oskaloosa Cigar Co. v. Iowa C. R. Co.,* 89 N. W. (Ia.) 1065. It is completed at the time it becomes a perfected process. *Blain v. Blain,* 45 Vt. 538. In relation to process the word "issue" may import the idea of delivery. *Heman v. Larkin,* 99 Mo. App. 294, 298. To constitute an issuance, the process must be made out, properly attested and delivered to the proper officer to be executed by him. *Mills v. Corbett,* 8 How. Pr. (N. Y.) 500; *Smith v. Nicholson,* 5 N. Dak. 426.

Reading the sentence under consideration, keeping in view of the controlling rule of construction, and in the

light of the definitions just referred to, the conclusion is patent that all that is required by this sentence, both as applied to the compensation commissioner and to the district court, is that upon the filing of the petition it is the duty of the clerk or commissioner to make out, properly attest, and deliver to the proper officer to be executed by him, a summons, to be served upon the adverse party as in civil causes. There is no express requirement that a præcipe be filed. Neither the Code nor the act under the circumstances, either expressly or by implication, requires it to be done. In short, all procedure required by the compensation act, except where express provisions require to the contrary or inevitable necessity compels, is to be determined by its own provisions, and the general Code provisions have no application whatever to the subject-matter. *State v. District Court of St. Louis County,* 129 Minn. 423, 425.

The conclusion follows that, no præcipe being contemplated under the provisions of the compensation act, in the instant case when the plaintiff filed both the notice of appeal with the compensation commissioner and also his petition on appeal in the district court in due time he had fully performed all statutory requirements relative to appeals both under the compensation act and the Code, and the failure or delay of the court officers to carry out their respective duties enjoined by this statute, and over which the appellant had no control, and without contributing fault on his part, does not, and should not, deprive the appellant of his right of review in this tribunal.

The judgment of the district court is, therefore, reversed and the cause remanded for further proceedings in harmony with this opinion.

REVERSED.